[Civ. No. 6913. Second Appellate District, Division One.—April 20, 1932.]

B. W. McMANUS, Appellant, v. AUGUST H. LARSON et al., Respondents.

Harrah, Louis & Quillian and H. B. Pool for Appellant.

Phil S. Gibson and Mary Brownstone for Respondents.

TAPPAAN, J., *pro tem.*—Plaintiff as assignee of an attorney instituted this action to recover from defendants the sum of $4,000 alleged to be due upon an "open, mutual and current account". On March 29, 1929, defendants caused to be served upon plaintiff a demand for a bill of particulars of the items of the account sued upon. Thereafter and on April 8, 1929, plaintiff having failed to serve or file a bill of particulars as demanded, defendants' attorney communicated with one of plaintiff's attorneys, and called his attention to the fact that more than five days had elapsed since the service of the demand for a bill of particulars and that no bill had been served, that the case was set for trial for May 31, 1929, and that he desired to take the deposition of plaintiff's assignor. He also at this time informed plaintiff's attorney that if the bill of particulars was not immediately served upon defendants he would object to the introduction of any evidence pertaining to the account mentioned in plaintiff's complaint.

Defendants on May 13, 1929, the plaintiff still having failed to comply with defendants' demand for a bill of particulars, served upon plaintiff a notice that a motion to preclude the plaintiff from giving evidence of the account would be made on the twentieth day of May, 1929. The court granted defendants' motion upon the day designated in the notice, and on the same day that defendants' motion to preclude evidence was granted, plaintiff served and filed what purported to be a bill of particulars of the account. Thereafter plaintiff made a motion under section 473 of the Code of Civil Procedure, to be relieved from the order precluding evidence, and on June 6, 1929, this latter motion was denied by the court. The cause came on for trial on June 18, 1929, and the court acting under the order made May 20, 1929, precluding evidence, sustained

an objection to the evidence tendered by plaintiff in support of the allegation of his complaint. Judgment was thereafter entered for defendants. Plaintiff appeals from the order precluding evidence, the order denying relief under section 473 of the Code of Civil Procedure and from the judgment entered in defendants' favor.

The first question upon this appeal is whether the trial court committed error in sustaining defendants' motion to preclude evidence. The failure on the part of plaintiff to comply with the demand for a bill of particulars, prior to the date upon which the motion to preclude evidence was heard and granted, is admitted, and in fact it appears. At the hearing had upon this motion, an affidavit of plaintiff's assignor was filed in opposition to the motion, in which affidavit the assignor stated that defendants some years before the filing of the affidavit had been informed of the items of the account and were aware of their nature, but that the account covered a long period and because of its great detail required considerable time for preparation, which time assignor did not have because of other duties. The record shows that plaintiff had had over fifty days since the service of the demand for the bill of particulars within which to prepare the bill of particulars, and that more than forty days before the motion was granted defendants' attorney informed plaintiff's attorney that if the bill was not furnished he would object to the introduction of evidence of the account. That the procedure as adopted by defendants was justified under the circumstances is beyond question. Motions of this kind are addressed to the sound discretion of the trial court. The record fails to disclose that the trial court in granting this motion exercised other than a sound discretion. (*McCarthy v. Tecarte L. & W. Co.*, 110 Cal. 687, 693 [43 Pac. 391].) Plaintiff had ample time within which to prepare the bill, was informed by defendants more than a month prior to the filing of the motion that defendants would stand upon the terms of the section of the code precluding evidence if the bill was not served, and at the time of the granting of the motion the trial upon the merits was set only eleven days away.

The remaining question presented here involves the refusal of the trial court to vacate the order made precluding the introduction of evidence. Plaintiff duly made a mo-

tion under the provisions of section 473 of the Code of Civil Procedure to be relieved from the order precluding evidence. This motion was denied by the court. On this motion the plaintiff again assumed the antagonistic position that the defendants were informed of the items, and that the account was old and long and there was no time within which to prepare it, and further stated that he believed that he could file the bill demanded at any time before trial if defendants' rights were not jeopardized. It would also seem that at this hearing plaintiff contended, as he does here, that defendants were not entitled to a bill of particulars. Plaintiff cites in support of this contention the case of *Auzerais* v. *Naglee*, 74 Cal. 60 [15 Pac. 371]. The facts involved there are foreign to those presented here. There the cause of action was based upon a contract, an "account stated". No question of items of account was involved. Plaintiff in his brief cites a large number of cases from other jurisdictions. Inasmuch as the law is established in this jurisdiction upon the subject, an extended statement of what the law may be in other jurisdictions would seem unnecessary. The principles of law by which courts are guided in considering motion to set aside defaults are established by many decisions of our courts. The motion is addressed to the sound and legal discretion of the trial court, and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below. (*Waite* v. *Southern Pacific Co.*, 192 Cal. 467 [221 Pac. 204]; *Toon* v. *Pickwick Stages, Northern Division*, 66 Cal. App. 450 [226 Pac. 628]; *Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148].)

The record here does not disclose that the trial court has abused this discretion nor that it has failed to exercise it in a sound and legal manner. The fact that this court might have reached, upon the same showing, an opposite conclusion, is not indicative of abuse of discretion upon the part of the trial court. (*Waybright* v. *Anderson, supra.*) It should be noted in this regard that the bill of particulars that was on file at the time this motion was heard was one, that by reason of its very general statement and lack of assignment of dates, would have failed to comply with the requirements of section 454 of the Code of Civil Procedure. It should also be pointed out that the question

present here differs from that presented in many of the cases referred to by plaintiff in that in those cases the question of the excluding of evidence was presented for the first time at the trial of the action, while here defendants made timely objection long before the time of trial. The fact that plaintiff made a mistake as to the law in the matter of the bill of particulars of itself is no ground for relief under the circumstances here disclosed. (*Garroway* v. *Jennings*, 189 Cal. 97, 99 [207 Pac. 554].) That the assignor was occupied with other affairs and so had no time to prepare the bill of particulars does not constitute an excuse for his neglect in that regard. (*Andrews* v. *Jacoby*, 39 Cal. App. 382, 383 [178 Pac. 969].)

The judgment is affirmed and the appeals from the two orders are dismissed.

Conrey, P. J., and York, J., concurred.