[Civ. No. 31455. Fourth Dist., Div. One. Feb. 16, 1984.]

GEORGE A. CARLI et al., Petitioners, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
JOSEPH FORNASERO, Real Party in Interest.

**COUNSEL**

Maynard O. Kartvedt and Kartvedt, Smith & Doering for Petitioners.

No appearance for Respondent.

C. Breck Jones and Jenks & Jones for Real Party in Interest.

**OPINION**

**BUTLER, J.**—On August 10, 1983, counsel for real party mailed a set of requests for admissions and two sets of interrogatories to counsel for petitioners. The law clerk for petitioners' counsel prepared rough answers to the interrogatories; counsel dictated that which he wanted typed and promptly forgot the matter believing all had been attended to.

On September 21, 1983, petitioners' counsel received the letter of September 19, 1983, stating real party deemed his requests to be admitted. A search ensued, a missing tape was found and the following day the response to the request for admissions was typed and mailed. During the period in question, the office of petitioners' counsel was in turmoil. One of the firm's three attorneys had just left the firm, leaving a case load of some 150 cases. Counsel was preparing for jury trial in San Diego and two appeals were in their final stages of preparation. In addition to the two full-time secretaries, six temporary secretaries were hired consecutively over two and a half months. The daughter of one of the full-time secretaries, the wife of one of the associates, the secretary from next door, all came in to help. A new associate was hired; another law clerk was engaged. The missing tape was found under a stack of papers supposedly of nonurgent office filings.

More than a week passed after mailing the response to the requests for admissions and petitioners heard nothing. Carli telephoned real party but was unable to make contact; he wrote him a letter explaining the circumstances causing the default. At a deposition the next week, petitioners asked real party if he would stipulate to relieving petitioners of the oversight. Real party said he would think about it. Thus, on October 20, 1983, having heard nothing, petitioners prepared a formal motion to set aside the default. The next day counsel in San Diego was served personally, while counsel in Sacramento and the court were served by mail. That same day, October 21, 1983, petitioners received a letter from real party declining to stipulate. The superior court in El Centro stamped the motion to set aside default on October 26, some 35 days after the letter deeming the requests admitted had been received.

Code of Civil Procedure[1] section 2033, subdivision (a), reads in part: "[U]pon failure of a party served with requests for admissions . . . to answer . . . the party making the request may serve . . . a notice in writing . . . notifying the party so served that . . . the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall *not have the right to apply for relief* under the provisions of Section 473 *unless a motion requesting relief is served* and filed *within 30 days* after service of the notice." (Italics added.)

 Here, petitioners filed their motion for excuse from default under section 473, 35 days after service of the notice the admissions were to be deemed admitted. They argue this is permissible under section 1013, subdivision (a), which in fact provides: "In case of service by mail. . . . [t]he service is complete at the time of deposit, *but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended five days if the place of address is within the State of California* . . . but such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to vacate judgment pursuant to Section 663a of this code or notice of appeal." (Italics added.)

The section extending the time to respond is all-encompassing save for the stated exceptions. It states that *any* act or *any* response *shall* be extended for five days. The notice deeming facts as admitted is not named among the listed exceptions. Although no case deals specifically with the notice deeming facts admitted, section 1013, subdivision (a), has been applied to law and motion practice (see *California Accounts, Inc.* v. *Superior Court* (1975)

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

50 Cal.App.3d 483 [123 Cal.Rptr. 304]). There is no reason why the five-day extension should not apply here. The motion was timely filed.

■ Petitioners sought relief from their default under section 473 where the court "may, upon such terms as may be just, relieve a party . . . from a . . . proceeding taken against him . . . through . . . mistake, inadvertence, surprise or excusable neglect." In denying relief here, the court relied on the case of *Elston* v. *City of Turlock* (Cal.App.), which has since been granted a hearing by the Supreme Court (S.F. 24678). Here, the petitioners' law firm lost one of its three attorneys, an event of significance in a firm so small. Matters must be continued; files must be reviewed; nervous clients must be placated. Confusion results which is exacerbated by a series of temporary secretaries. It is understandable that the tape containing the responses to the requests for admissions was misplaced. There was excusable neglect. ■ In addition, section 473 in the context of relief from failure to respond to requests for admissions should be liberally construed so cases can be tried on the merits.

■ Real party has responded to the petition and the remedy is clear. An alternative writ or order to show cause would add nothing to the presentation already made. A peremptory writ is proper. (§ 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order to prepare findings of fact and conclusions of law, to vacate its order denying the motion for relief from default and to enter a new and different order granting the motion. The stay granted by this court on December 21, 1983, is vacated.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied March 1, 1984, and the petition of real party in interest for a hearing by the Supreme Court was denied May 3, 1984.