[S.F. No. 24678. Mar. 4, 1985.]

ROBERT C. ELSTON et al., Plaintiffs and Appellants, v.
CITY OF TURLOCK et al., Defendants and Respondents.

230

**COUNSEL**

Canelo, Hansen & Wilson, James H. Wilson and Leonard Herr for Plaintiffs and Appellants.

Diehl, Steinheimer, Riggo, Haydel & Mordaunt, Diehl, Steinheimer, Riggo, Haydel, Mordaunt & Smith, M. Max Steinheimer, James H. Fagundes, Martin, Crabtree, Schmidt & Zeff, Thomas D. Zeff, Nan Cohan Jacobs, Richard G. Rypinski, Gordon S. Baca, Ronald I. Harrison and Bruce M. Rosenthal for Defendants and Respondents.

## Opinion

**BIRD, C. J.**—Did the trial court abuse its discretion by refusing to grant plaintiffs' motion under Code of Civil Procedure section 473 to set aside deemed admissions on the ground of excusable neglect?

### I.

Robert Elston was seriously injured when the motorcycle he was riding collided with an automobile at a traffic intersection in Turlock, California. Elston and his wife filed suit against the City of Turlock, Turlock Irrigation District, the County of Stanislaus, the State of California, and the Pacific Telephone and Telegraph Company, alleging that the design of the intersection constituted a dangerous condition, which was exacerbated by a poorly located telephone pole. Elston sought damages for personal injury and his wife sued for loss of consortium.

On June 1, 1981, the county mailed a request for admissions to plaintiffs' attorney. The request concerned the ultimate issues in the case and stated, inter alia, that the intersection was not in a dangerous condition, that Elston's injuries were not proximately caused by the allegedly dangerous condition, and that the injuries did not occur in a foreseeable manner. Because plaintiffs' attorney failed to respond to the request within the requisite 30 days (see Code Civ. Proc., § 2033, subd. (a)),[1] the county notified plaintiffs that the facts alleged in the request for admissions were deemed admitted. (*Ibid.*)

Upon receipt of the county's notice, plaintiffs' attorney moved to set aside the admissions under section 473 on the ground of "mistake, inadvertence, surprise or excusable neglect." As required by section 473, plaintiffs' attorney filed responses to the request for admissions in conjunction with the motion. The trial court denied plaintiffs' request for relief without a state-

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

ment of reasons. On the basis of the admissions, all defendants made successful motions for summary judgment.[2] This appeal followed.

## II.

Section 2033 provides the mechanism whereby one party to a lawsuit may request that another party admit the genuineness of specified documents or the truth of certain facts. If the party served with the request fails to respond within 30 days of service, the matters as to which a request was made are deemed admitted. However, this automatic admission function operates only where the request for admissions contains a warning that failure to comply with the provisions of section 2033 will result in deemed admissions. (§ 2033, subd. (a).)[3] Where 30 days pass with no response to the request for admissions, the propounding party may serve the nonresponsive party with notice that the genuineness of the documents or the truth of the facts alleged is deemed admitted. (*Ibid.*) After service of such notice, the nonresponsive party has 30 days to move for relief from default under section 473.

■ Section 473 permits the trial court to "relieve a party . . . from a judgment, order, or other proceeding taken against him or her through his

---

[2]The trial court initially granted the county's and the irrigation district's summary judgment motions, but denied the city's and the state's motions on the ground of insufficient notice. Upon renewal of the motions the trial court granted summary judgment in favor of both the state and the city.

The trial court subsequently granted summary judgment in favor of defendant Pacific Telephone and Telegraph Company. Plaintiffs have not appealed this judgment.

[3]Section 2033, subdivision (a) provides in relevant part as follows: "Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words at the end thereof: 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted', unless, within the period designated in the request, not less than 30 days after service thereof or within a shorter time as the court may allow for good cause on motion and notice to the party to whom the request is directed or within such longer time as the court may allow for good cause and with or without notice, but in no event later than 60 days prior to the date of trial, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. . . .

". . . . . . . . . . . . . . . . . . . .

"Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice."

or her mistake, inadvertence, surprise or excusable neglect."[4] A motion seeking such relief lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854 [48 Cal.Rptr. 620, 409 P.2d 700]; *Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 807 [137 Cal.Rptr. 434].) However, the trial court's discretion is not unlimited and must be " 'exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " (*Ibid.; Bailey* v. *Taaffe* (1866) 29 Cal. 423, 424.)

■ Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. (*Berri* v. *Rogero* (1914) 168 Cal. 736, 740 [145 P. 95]; see also *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976 [58 Cal.Rptr. 20] [applying former Gov. Code, § 912, subd. (b)(1) repealed 1965, now § 946.6, subd. (c)(1)[5]].) In such situations "very slight evidence will be required to justify a court in setting aside the default." (*Berri* v. *Rogero, supra,* 168 Cal. at p. 740; *Carbondale Machine Co.* v. *Eyraud* (1928) 94 Cal.App. 356, 360 [271 P. 349].)

■ Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default (*Waite* v. *Southern Pacific Co.* (1923) 192 Cal. 467, 470-471 [221 P. 204]; *Carli* v. *Superior Court* (1984) 152 Cal.App.3d 1095, 1099 [199 Cal.Rptr. 583] [in the context of deemed admissions § 473 should be applied liberally "so cases can be tried on the merits"]; *Flores* v. *Board of Supervisors, supra,* 13 Cal.App.3d at p. 483.) Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits. (*Brill* v. *Fox* (1931) 211 Cal.

---

[4]Section 473 provides in relevant part as follows: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, . . . and must be made within a reasonable time . . . ."

[5]Government Code section 946.6 is part of what is commonly called the California Tort Claims Act (Gov. Code, §§ 900-950.8). Pursuant to Government Code section 911.2, a party must present a claim for wrongful death or injury to person or personal property within 100 days after the cause of action accrues. Government Code section 946.6 provides that the court shall grant relief from the 100-day limit where, inter alia, "[t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect . . . ." (Gov. Code, § 946.6, subd. (c)(1).) To receive relief under this provision, petitioner must make the same showing as is required for relief from default under section 473. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) Both *Nilsson* and *Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480 [91 Cal.Rptr. 717, 55 A.L.R.3d 925] (cited in text, below) rely on section 473 cases to interpret the identical language contained in Government Code section 946.6, subdivision (c)(1).

739, 743-744 [297 P. 25]; *Flores* v. *Board of Supervisors, supra,* 13 Cal.App.3d at p. 483.)

 Plaintiffs argue that the trial court abused its discretion by refusing to excuse their attorney's failure to timely respond to the request for admissions. In order to qualify for relief under section 473, the moving party must act diligently in seeking relief and must submit affidavits or testimony demonstrating a reasonable cause for the default. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 153, p. 3727.) Here, plaintiffs' counsel filed his section 473 motion within eight days of receiving notice that the matters were deemed admitted.

In his affidavit accompanying the motion, counsel stated that because two attorneys had recently left the firm, his office was understaffed at the time the request for admissions was received. Counsel was "extensively" involved in other business and litigation matters at the time. In a supplemental affidavit, counsel explained that because his office was shorthanded, the request for admissions was misplaced and he was not aware of it until he received the county's notice that the matters contained in the request were deemed admitted.

Based on counsel's showing of excusable neglect, the trial court should have granted the section 473 motion. Where an attorney states that he was unaware of his duty to appear or answer because his employees misplaced papers or misinformed him as to the relevant date, relief is routinely granted. (See, e.g., *Downing* v. *Klondike Min. etc. Co.* (1913) 165 Cal. 786, 788 [134 P. 970]; *Toon* v. *Pickwick Stages, Inc.* (1924) 66 Cal.App. 450, 452-455 [226 P. 628]; cf. *Nilsson* v. *City of Los Angeles, supra,* 249 Cal.App.2d 976.) Plaintiffs' counsel stated that because his office was shorthanded, the request for admissions "became misplaced and [he] did not become aware of [it] until [it was] overdue." Although counsel's affidavit could have been more explicit, his "failure to show an established office calendaring procedure was not a critical omission." (*Nilsson, supra,* 249 Cal.App.2d at p. 983.)

In support of his motion for relief from default, counsel also stated that he was busy with other matters during the relevant period. This circumstance standing alone would not constitute excusable neglect. (See 5 Witkin, *op. cit. supra,* § 139, p. 3714 [press of business absent unusual circumstances is insufficient to warrant relief from default].) However, the "press of business" cases are not applicable here. Counsel does not allege that he was aware of the request for admissions and nevertheless failed to answer because he forgot or was too busy. (See, e.g., *Dow* v. *Ross* (1891) 90 Cal. 562 [27 P. 409]; *Soda* v. *Marriott* (1933) 130 Cal.App. 589 [20 P.2d 758];

*McManus* v. *Larson* (1932) 122 Cal.App. 716 [10 P.2d 523]; *Carbondale Machine Co.* v. *Eyraud, supra,* 94 Cal.App. 356.) Instead, he contends that his office was understaffed, the papers were therefore misplaced, and he was unaware of their existence until the answers were overdue.

Circumstances similar to those alleged in counsel's affidavits have been held to constitute excusable neglect. (See *Toon* v. *Pickwick Stages, Inc., supra,* 66 Cal.App. 450.) In *Toon,* the attorney explained that he had endured several recent " 'changes in the personnel of his office force' " and that the relevant documents had been " 'inadvertently filed away' " before he saw them. (*Id.,* at p. 453.) Although he did not identify the negligent employee or describe a set of office procedures that the employee failed to follow, the court found that the attorney "had no personal knowledge or notice of the service of the summons and complaint until after the default had been entered." (*Id.,* at p. 455.) Therefore, in light of the absence of prejudice to the opposing party, the court in *Toon* reversed the trial court's order denying the motion for relief from default. (*Id.,* at pp. 455-456.)

█ Where, as here, the trial court denies the motion for relief from default, the strong policy in favor of trial on the merits conflicts with the general rule of deference to the trial court's exercise of discretion. (5 Witkin, *op. cit. supra,* § 164, p. 3737.) Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails. (*Ibid.*) Doubts are resolved in favor of the application for relief from default (*Waite* v. *Southern Pacific Co., supra,* 192 Cal. at pp. 470-471), and reversal of an order denying relief results (5 Witkin, *op. cit. supra,* § 164, p. 3737). Reversal is particularly appropriate where relieving the default will not seriously prejudice the opposing party. (*Ibid.;* see, e.g., *Brill* v. *Fox, supra,* 211 Cal. at p. 744; *Waite* v. *Southern Pacific Co., supra,* 192 Cal. at p. 471; cf. *Flores* v. *Board of Supervisors, supra,* 13 Cal.App.3d at p. 485.)

█ Defendants did not allege that they were prejudiced by the delay in receiving responses to their request for admissions. Although the admissions procedure is designed to expedite matters by avoiding trial on undisputed issues, the request at issue here did not include issues as to which the parties might conceivably agree. Instead, the request essentially asked plaintiffs to admit that they had no cause of action.

Defendants also failed to argue that setting aside the deemed admissions would prejudice their case. Nevertheless, the trial court refused to grant relief despite counsel's reasonable excuse. Consequently, plaintiffs' cause of action against the county and all other named defendants was dismissed. Such a result neither serves the interests of substantial justice nor promotes the policy in favor of trial on the merits.

■ Reversal of an order denying relief is appropriate where the effect of the order is to "defeat, rather than to advance the ends of justice." (*Mitchell* v. *California etc. S. S. Co.* (1909) 156 Cal. 576, 580 [105 P. 590].) Accordingly, the trial court abused its discretion in denying plaintiffs' section 473 motion.

■ Defendants contend that the trial court's decision is supported by *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892 [187 Cal.Rptr. 592, 654 P.2d 775], which discussed the general rule that an attorney's inexcusable neglect is imputed to his client. ■ ■■■ ■ ■ *Carroll* narrowly interpreted the "positive misconduct" exception to that rule.[6] The court held that the exception applies only where the attorney's misconduct effectively severs the attorney-client relationship. (*Id.,* at p. 901.)

*Carroll* did not explain the distinction between excusable and inexcusable neglect. The trial court in *Carroll* found the attorney guilty of "gross negligence." As a result, this court assumed the existence of inexcusable neglect, dismissing plaintiff's "half-hearted" attempt to argue that the neglect should be excused. (*Id.,* at p. 898.)

*Carroll* provides a good illustration of the type of conduct that constitutes inexcusable neglect. Counsel in *Carroll* received four extensions of time in which to produce the requested documents. He nevertheless failed to produce the documents despite two court orders compelling production. Counsel also failed to appear at two court hearings, the last of which resulted in dismissal of the action. (*Id.,* at pp. 895-896.) Contrast this with counsel's neglect here, which involved a single, nonwillful oversight that was cured as soon as it was brought to counsel's attention. Clearly, *Carroll*'s holding does not apply to the facts of this case.

■ Defendants also argue that in light of the 1978 amendment to section 2033 (see Stats. 1978, ch. 265, § 1, pp. 549-550), section 473 should not be applied liberally in the context of deemed admissions. This argument is not persuasive. The 1978 amendment clarified the deemed admissions provision, rendered it more equitable, and provided a clear mechanism for relief from default. The amendment does not evince a legislative intent to

---

[6]The inexcusable neglect of an attorney is usually not a proper basis for granting the client's motion under section 473. (*Buckert* v. *Briggs* (1971) 15 Cal.App.3d 296, 301 [93 Cal.Rptr. 61].) The client is entitled to relief only through a malpractice action against the negligent attorney. (See *Martin* v. *Cook, supra,* 68 Cal.App.3d at p. 809.) However, the courts have developed an exception for cases in which the attorney's neglect is so extreme that it operates to "impair or destroy the client's cause of action or defense." (*Orange Empire Nat. Bank* v. *Kirk* (1968) 259 Cal.App.2d 347, 353 [66 Cal.Rptr. 240]; *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 391 [38 Cal.Rptr. 693].)

deny relief to parties whose neglect would otherwise be excusable under section 473.

The 1978 amendment to section 2033 extended the minimum response period from 20 to 30 days. The amendment also provided that the matters as to which an admission is requested shall be deemed admitted only if the request notifies the party served of the consequence of failing to respond. Most important, the amendment dispelled any lingering confusion as to whether matters would be deemed admitted automatically or only pursuant to court order. (See *Zorro Inv. Co.* v. *Great Pacific Securities Corp.* (1977) 69 Cal.App.3d 907, 914-917 [138 Cal.Rptr. 410]; Sherwood, *Curbing Discovery Abuse: Sanctions Under the Federal Rules of Civil Procedure and the California Code of Civil Procedure* (1981) 21 Santa Clara L.Rev. 567, 602-603.) Section 2033 now provides that after the responding party's failure to answer within the requisite time, the propounding party may serve notice that the truth of the matters has been deemed admitted. (§ 2033, subd. (a).) No court order is required. After such notice, the responding party has only 30 days to move for relief under section 473. (*Ibid.*)

The 1978 amendment to section 2033 was designed to address the courts' concern that the deemed admissions provision was unduly harsh. (See *Milton* v. *Montgomery Ward & Co., Inc.* (1973) 33 Cal.App.3d 133, 142 [108 Cal.Rptr. 726] (dis. opn. of Kaus, J.); see also Assem. Bill No. 1865, Digest of Assem. Com. on Judiciary (Jan. 12, 1978).) The amendment made the automatic admissions procedure less severe by expanding the response period and by requiring notice of the consequences of a failure to timely respond. By ensuring that the party served has a fair chance to respond, the Legislature was able to "place teeth in the existing law, without unduly prejudicing either party so that the procedure . . . can work effectively and efficiently toward a fair disposition of the case." (Letter of State Bar Bd. of Governors to Gov. Edmund G. Brown, Jr. (June 13, 1978) urging signature on Assem. Bill No. 1865.)

The Legislature may also have been concerned with "expedit[ing] a conclusion" to the pretrial admissions process. (*Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 244 [174 Cal.Rptr. 722].) The 30-day limit on section 473 relief, which was also added by the 1978 amendment, serves this goal.

A liberal interpretation of section 473 does not subvert the Legislature's intent in amending section 2033. Under section 2033, subdivision (a), the responding party must move for relief from default within 30 days and must include a copy of his responses to the request for admissions. (*Dolin Roofing & Insulation Co.* v. *Superior Court* (1984) 151 Cal.App.3d 886, 890-891

[199 Cal.Rptr. 37].) Regardless of the outcome of the section 473 motion, the legislative interest in speedy determination of the admissions question is served. If the court does not grant relief, the matters are deemed admitted. If it does grant relief, the propounding party has the response to its request for admissions and can proceed with discovery. Accordingly, where the interests of justice dictate relief from default, the court need not deny a section 473 motion in order to effectuate the Legislature's goals in amending section 2033.

In conclusion, although counsel's affidavit could have been more explicit, the excuse offered was well within the range of situations in which the courts have granted relief from default. The attorney's failure to respond in a timely manner was inadvertent rather than dilatory, and defendants suffered no prejudice as a result of the delay. Nonetheless, all remaining defendants based their successful summary judgment motions on the deemed admissions, and plaintiffs were effectively left without a cause of action.[7]

Under these circumstances, the interests of substantial justice as well as the policy in favor of trial on the merits require that the default be excused. Therefore, the trial court abused its discretion by denying plaintiffs' motion for relief under section 473.

The judgments in favor of the City of Turlock, Turlock Irrigation District, the County of Stanislaus, and the State of California are reversed. The cause is remanded to the trial court for further proceedings.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.

**KAUS, J.,** Concurring.—I have signed the majority opinion in this very close case. If the requests for admission merely related to such matters as the authentication of documents or the truth of subsidiary facts, I would vote to affirm. As the majority opinion points out, however, the requests here were quite different: without really expecting an affirmative response the defense first asked plaintiff whether he admitted that he did not have a case. The expected denial then was to serve as the basis for interrogatories. Plaintiff's failure to deny must have come as a pleasant surprise.

Under such circumstances the policy favoring a trials on the merits is overwhelming. The trial court's refusal to grant relief under section 473 in

---

[7]Plaintiffs argue that even if they are bound by their deemed admissions vis-à-vis the propounding party, the County of Stanislaus, they are not similarly bound in their action against the state, the city, and the irrigation district, because those defendants neither initiated nor joined in the request for admissions. In light of the holding that the trial court abused its discretion by refusing to grant section 473 relief, it is not necessary to reach this issue.

effect made it inevitable that dismissal of the action would be the true sanction for plaintiff's counsel's dereliction. Surely the prejudice, if any, to defendants was not such that a lesser punishment—imposed as a condition to relief under section 473—would not have sufficed.

Grodin, J., concurred.

**LUCAS, J.**—I respectfully dissent.

The majority has failed to conform to the fundamental principles applicable to appellate review of a trial court decision to grant or deny relief pursuant to section 473 of the Code of Civil Procedure. (All further references are to this code.) I cannot agree that the trial court abused its discretion in denying plaintiffs' motion and that it erred as a matter of law.

When a motion for relief is brought, the burden is upon the moving party to show entitlement to such relief. (*Marcotte* v. *Municipal Court* (1976) 64 Cal.App.3d 235, 239 [134 Cal.Rptr. 314]; *Goodson* v. *The Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 38 [60 Cal.Rptr. 146].) The motion is "addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof the exercise of that discretion will not be disturbed on appeal. [Citations.]" (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 263 [223 P.2d 244]; see *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897-898 [187 Cal.Rptr. 592, 654 P.2d 775].) Further "the discretion to be exercised is that of the trial court, not that of the reviewing court. Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record. (*Coyne* v. *Krempels,* [*supra*] 36 Cal.2d 257, 263.)" (*Martin* v. *Johnson* (1979) 88 Cal.App.3d 595, 604 [151 Cal.Rptr. 816]; see also *Willett* v. *Schmeister Mfg. Co.* (1926) 80 Cal.App. 337, 341 [251 P. 932].)

In amending section 2033 to provide that a party seeking relief shall have 30 days in which to bring a section 473 motion, the Legislature did not evidence any intent to depart from long-held interpretations of the application of section 473, any more than it "evince[d] a legislative intent to deny relief to parties whose neglect would otherwise be excusable under section 473." (*Ante,* pp. 236-237.) Thus, in accordance with the usual practice, it was incumbent upon the plaintiffs to "demonstrate that such mistake, inadvertence, or general neglect [assertedly attributable to his counsel] was excusable . . . ." (*Carroll* v. *Abbott Laboratories, Inc., supra,* 32 Cal.3d at p. 898.)

A review of the affidavits presented and the "excuses" offered therein reveal no sufficient justification. The original motion for relief was accom-

panied by an affidavit dated August 19, 1981, by plaintiffs' counsel. In relevant part it stated that "Shortly after June 1, 1981, I received in my office . . . Request for Admission and Interrogatories. Our office has been shorthanded in the number of attorneys here since two attorneys left earlier this summer. I have been extensively engaged in litigation and business matters and because of my mistake and inadvertence did not prepare a response to these requests prior to July 1, 1981." Counsel thus admitted in the affidavit receiving the request in a timely fashion. As to actual excuses for the failure to timely answer, he mentions only the "press of business" and, in conclusory terms, his "mistake and inadvertence." The loss of two attorneys in the firm is recited, but the date and length of advance notice of their departure, whether they had been replaced, their role regarding this case, and, in short, the actual effect of the move on plaintiffs' counsel and this matter are never described.

The attorney for the County of Stanislaus responded and objected to the affidavit "on the basis that it is conclusory and contains insufficient facts upon which the court can grant relief." (Compare *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976, 982 [58 Cal.Rptr. 20] [failure to object to "conclusional terms" in affidavits was found to render them competent evidence].)[1] In a supplemental declaration plaintiffs' counsel then asserted that he was not aware "of the exact date [the] Request for Admissions came into our office . . . . Because of the shorthandedness in our office the Request . . . became misplaced and I did not become aware of them until they were overdue." This time, he offered no explanation of where, when, how, or by whom, the request was misplaced. Nor did he offer explanations regarding a standard business practice upon which he normally relied which for some reason was not followed. (See, e.g., *H. G. B. Alexander & Co.* v. *Martz* (1928) 90 Cal.App. 360, 361 [265 P. 881] [attorney's regular calendar clerk taken ill and time for filing brief therefore not calendared]; *Toon* v. *Pickwick Stages, Inc.* (1924) 66 Cal.App. 450, 455 [226 P. 628] [failure "on the part of a new employee inconversant with the office routine was pardonable"].)

The above statements constitute the sum total of counsel's claims regarding his "excusable neglect and inadvertence." While one can speculate that the asserted shorthandedness in some way caused such confusion that counsel's failure to become aware of the request for admissions was understandable, no facts supporting such a scenario have been supplied. One can equally well speculate that, as in *Dow* v. *Ross* (1891) 90 Cal. 562, 563-564 [27

[1]Contrary to the majority's use of *Nilsson* to imply that the affidavits here were sufficient despite the failure to describe usual office procedure (*ante,* p. 234), the *Nilsson* court explicitly relied upon the failure to object. Here, of course, a timely objection was made.

P. 409] " 'in the press of business, and some confusion consequent thereon, [the relevant document] became covered over with papers in other cases, and neither that nor the subject of said [document] came to the affiant's mind' " until he was reminded by another's remark or action. This court in *Dow* found such a showing "altogether insufficient" to obtain relief. (P. 564.)

In a similar vein, the Court of Appeal recently found that it was not an abuse of discretion for the trial court to reject a request for relief where the client after being served with summons and complaint failed to take action to respond. Despite assertions that the failure to act was due to press of business during the Christmas season, the serious illness of the client's father, and the recent death of his mother, the court found there was a complete failure to demonstrate any connection between these occurences and the client's derelictions. Thus, the Court of Appeal observed, "[t]he only allegations that [the client] made regarding the *effect* of these factors, however, were that his parents' illnesses and deaths 'were very trying to me' and that business pressures 'caused me to forget about being served with [the] complaint.' " (*Bellm* v. *Bellia* (1984) 150 Cal.App.3d 1036, 1038 [198 Cal.Rptr. 389]; see *McManus* v. *Larson* (1932) 122 Cal.App. 716, 720 [10 P.2d 523] [being occupied with other affairs not a sufficient excuse]; see *Willett* v. *Schmeister Mfg. Co., supra,* 80 Cal.App. at pp. 339-340 [accepting "press of business" as excuse "would be to discourage diligence . . . and establish a precedent that might lead to vexatious delays"]; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court §§ 139, 146, pp. 3714, 3720 [press of business not enough standing alone].)

One could speculate for pages about what actually occurred in plaintiffs' counsel's office; the affidavits by counsel invite such invention. But the bottom line is that they are utterly barren of factual underpinnings which tie even the meager mentions of possibly relevant facts to counsel's failure to act. Plaintiffs failed to demonstrate either excusable ignorance due to a breakdown in office procedure, or an unusual press of business justifying relief. While recognizing the important policy favoring trial on the merits, I conclude that there simply was insufficient justification offered by plaintiffs' counsel to warrant ignoring the important policy requiring that the trial court's decision be given deference unless it is erroneous as a matter of law. No such error appears here. The differences in our approaches are best illustrated by the majority's statement that "Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails." As the source of this formulation, my colleagues cite Witkin's treatise on procedure. (*Ante,* p. 235.) What Witkin actually states in the course of discussion of review of orders denying relief is "*If* inexcusable neglect is *clear* the order will be *affirmed.*" (5 Witkin, Cal. Procedure, *supra,* § 164, p. 3737, italics added.)

Here, there was no showing of excusable neglect making relief appropriate as a matter of law: counsel's presentation of reasons for failing to respond were conclusory and unsupported by any factual specifics.

As Justice Kaus reiterated only two years ago in *Carroll* v. *Abbott Laboratories, Inc., supra,* 32 Cal.3d at page 900: " 'The policy that the law favors trying all cases and controversies upon their merits should not be prostituted to permit the slovenly practice of law or to relieve courts of the duty of scrutinizing carefully the affidavits or declarations filed in support of motions for relief to ascertain whether they set forth, with adequate particularity, grounds for relief. [Fn. omitted.] When inexcusable neglect is condoned even tacitly by the courts, they themselves unwittingly become instruments undermining the orderly process of the law.' (*Transit Ads, Inc.* v. *Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 282 [75 Cal.Rptr. 848].)"

I would affirm the trial court's denial of the motion for relief and the subsequent entry of summary judgments.