[No. D001136. Fourth Dist., Div. One. Nov. 27, 1985.]

STEVEN F. SWEDBERG et al., Plaintiffs and Appellants, v.
CHRISTIANA COMMUNITY BUILDERS et al.,
Defendants and Respondents.

COUNSEL

Edward C. Watkins, Jr., for Plaintiffs and Appellants.

Seltzer, Caplan, Wilkins & McMahon and James B. Franklin for Defendants and Respondents.

OPINION

**WIENER, Acting P. J.**—Plaintiffs Steven Swedberg and Yvonne Squires appeal a summary judgment in favor of defendants Tierrasanta Realty (Tierrasanta), The Christiana Companies, Inc. and Christiana Community Builders (collectively Christiana). Plaintiffs also appeal the court's denial of their motion for relief from default after they had failed to answer or answer

timely Tierrasanta's two sets of requests for admissions under Code of Civil Procedure section 2033.[2]

Plaintiffs implicitly concede their admissions are determinative of the summary judgment. Triable factual issues are present only if plaintiffs can be relieved of the admissions. For organizational purposes we set forth all plaintiffs' contentions on appeal: (1) Christiana does not have standing to rely upon admissions resulting from Tierrasanta's request; (2) the placement in the request of the warning of the consequences for failure to answer timely was improper; (3) the notices the facts had been "deemed" admitted were inadequate; (4) the court erred in ruling there had been substantial compliance with the notice requirements of section 2033; (5) the court (Levitt) erred in failing to give res judicata effect to the court's (Todd) earlier comments regarding the sufficiency of the notices; (6) the court prejudicially erred in refusing to grant plaintiffs' motion for relief from default; (7) the statutory scheme of sections 2033 and 2034 is unconstitutional; and (8) Christiana lacks standing to move for summary judgment. We address only the first issue in the published portion of this opinion and conclude plaintiffs' argument is without merit. We affirm the judgment.

I

In August of 1979 plaintiffs purchased a house through Tierrasanta's real estate agent Blair. As part of the purchase price, plaintiffs assumed two existing secured promissory notes and executed a new $15,747 note secured by a third deed of trust payable 30 days after the close of escrow.

Plaintiffs filed this action in January 1980 against Blair, Tierrasanta, Christiana, the alleged parent of Tierrasanta, and Southern Cities Escrow, the escrow company. Plaintiffs' complaint alleges Blair failed to disclose to

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified. Section 2033, subdivision (a) provides in relevant part:

". . . Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words at the end thereof: 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted,' unless, within the period designated in the request, not less than 30 days after service thereof or within a shorter time as the court may allow for good cause on motion and notice to the party to whom the request is directed . . . the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. . . . Once the [default] notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice."

them that the note secured by the first deed of trust had a variable interest rate and Blair fraudulently represented they would have no difficulty in securing new financing to pay off the notes secured by the second and third deeds of trust. Blair was never served with summons and complaint. Southern Cities' demurrer was sustained without leave to amend. Blair and Southern Cities are not parties to this appeal.

In May 1980 Christiana successfully demurred to the complaint. In sustaining the demurrer, the court (Zumwalt) ordered:

"1. The demurrer as to defendants CHRISTIANA COMMUNITY BUILDERS and THE CHRISTIANA COMPANIES, INC. is sustained without leave to amend. If, however, during the course of discovery counsel for plaintiffs ascertains that CHRISTIANA COMMUNITY BUILDERS and/or THE CHRISTIANA COMPANIES, INC. directed, authorized, or ratified the alleged improper activity of defendant SHARON L. BLAIR, then counsel for plaintiffs shall be entitled to undertake discovery against CHRISTIANA COMMUNITY BUILDERS and/or THE CHRISTIANA COMPANIES, INC."[3]

Christiana's status remained in limbo. Neither party sought dismissal under section 581, subdivision (c).

On August 19, 1981, Tierrasanta served plaintiffs with its first set of requests for admissions. Plaintiffs did not respond.

On May 10, 1982, Tierrasanta served plaintiffs with a second set of requests for admissions. Plaintiffs' response was untimely.

After plaintiffs' failure to respond and to respond timely, Tierrasanta served the notices required by section 2033.

About a year later, June 2, 1983, plaintiffs successfully moved for leave to file an amendment to their complaint in order to proceed against Christiana. Tierrasanta's argument on the effect of plaintiffs' admissions was unavailing. The court (Todd) commented on the omission of the word "deemed" from the notices:

"THE COURT: How can you ask us to take that very harsh remedy and use it against people when you don't follow the Code requirement technically. I've never read one that read other than 'deemed admitted,' and that's not the same, in my view as 'deemed admitted.'

---

[3]The propriety of the May 1980 order is not before us.

"THE COURT: On the other hand, why does he have to move a muscle if you haven't qualified the thing technically proper under the Code?"

Plaintiffs filed their amendment on June 30, 1983, adding allegations involving Christiana. Christiana did not file an answer. On July 15, 1983, Tierrasanta and Christiana moved for summary judgment based upon plaintiffs' admissions. Plaintiffs responded on July 20, 1983, by moving for relief from default under sections 473 and 2033 and the court's equitable power to grant relief in the case of extrinsic fraud or mistake. The court granted defendants' motion for summary judgment and denied plaintiffs' motion for relief from default. The court ruled: ". . . After consideration of the evidence, points and authorities, and argument by counsel, and considering all evidence and papers in the file, the Court finds that the motion for relief from default was not timely brought, that plaintiffs have not shown sufficient reasons for relief from default, that moving defendants substantially complied with the provisions of Section 2033 of the Code of Civil Procedure, that Judge Todd has not previously ruled on this issue . . . ." This appeal ensued.

## II

Section 2033 provides the mechanism by which a lawsuit may be expedited by eliminating disputed issues. "Admissions are more than a mere discovery device. They . . . are 'aimed primarily at setting at rest a triable issue so it will not have to be tried.' [Citation omitted.]" (*Jahn* v. *Brickey* (1985) 168 Cal.App.3d 399, 404 [214 Cal.Rptr. 119].) Where the parties served with the request for admissions fail to respond within 30 days of service, the matters of which admissions are requested are deemed admitted. The failure to respond is converted to an admission only where the request for admissions contains a warning that failure to comply with the provisions of section 2033 will result in deemed admissions. (See § 2033, subd. (a), fn. 1, *ante.*) Where 30 days pass with no response to the request for admissions, the propounding party may serve the nonresponsive party with notice that the truth of the facts alleged is deemed admitted. After service of such notice, the nonresponsive party has 30 days to move for relief from default under section 473. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 232 [211 Cal.Rptr. 416, 695 P.2d 713].)

The 1978 amendments to section 2033 (see Stats. 1978, ch. 265, §§ 1 & 2, pp. 549-553; ch. 12, § 3, pp. 70-72) were designed to eliminate the harshness of the deemed admissions provision by expanding the response period from 20 to 30 days and by requiring notice of the consequences of a failure to timely respond. (*Elston* v. *City of Turlock, supra,* at p. 237.) "By ensuring that the party served has a fair chance to respond, the Legislature

was able to 'place teeth in the existing law, without unduly prejudicing either party so that the procedure . . . can work effectively and efficiently toward a fair disposition of the case.' [Citation omitted.]" (*Ibid.*)

The limited period within which a party can seek relief under section 473 also serves the goal of expediting a conclusion to the pretrial admissions process. (*Ibid.*)

Thus a trial court faced with deciding whether matters should be deemed admitted because of a party's failure to respond to properly designated requests for admissions is confronted with conflicting considerations. When the admissions are used, cases can be tried more efficiently because disputed issues have been eliminated. Certain cases such as the one before us can even be resolved on a summary basis. When admissions leading to summary disposition are set aside, the court's decision is consistent with the strong policy favoring trials on the merits. Sensitive to these competing policy considerations we examine the arguments before us.

## A

■ *Christiana Is Entitled to Use Plaintiffs' Admissions.*

Plaintiffs argue that because Christiana's earlier demurrers were sustained without leave to amend Christiana was not an "actual party" and is unable to take "advantage" of Tierrasanta's request for admissions in a summary judgment proceeding. Plaintiffs direct us to section 2033, subdivision (a) which provides in part: "After service of summons or the appearance of a party, any other party who has appeared in the action may serve upon any party who has been served or who has appeared a written request for the admission by the latter . . . of the truth of any relevant matters of fact set forth in request."

Plaintiffs argue that since Christiana could not request admissions it is precluded from using the requests submitted by another party. But the issue here is not whether Christiana had the right to propound requests for admissions after its demurrers had been sustained. The question is whether Christiana may use admissions obtained through plaintiffs' failure to answer or timely answer Tierrasanta's requests.

Plaintiffs incorrectly assume Christiana was not a party to the action. Christiana appeared and remained as a party even after its demurrer had been sustained. No dismissal was ever filed. Christiana's decision to forego the filing of a dismissal is understandable since the court ruling on its demurrers did not get it out of the lawsuit. Under the May 1980 order, facts

obtained in discovery could bring Christiana back into the action. This is exactly what occurred.

We believe the Legislature intended to allow one party in a case to enjoy the benefits of discovery obtained by other parties in that same case. In limiting an admission to the "pending action only" and to no other action (§ 2033, subd. (c)) the Legislature manifested its intent on the scope of an admission. Had the Legislature intended that admissions not be used by all parties to a single action, the Legislature would have included that limitation in section 2033, subdivision (c). The absence of such a limitation reflects a legislative intent that admissions may be used by all parties to a single action. This is only logical. Had plaintiffs expressly admitted all the requests in a sworn statement there would be no question but that all the parties would have been able to use those admissions in a summary judgment proceeding. To permit a different result creates unnecessarily complex procedural problems involving collateral estoppel and inconsistent judgments. The fact the admissions here occurred by operation of law does not change the statute's application.

■ Even if we were to create an exception to section 2033 barring the use of deemed admissions by a non-requesting party, the case before us would not fall within that exception. Hypothetically, there may be a case where multiple defendants with diverse interests and separate theories of liability should be treated separately for all purposes. In such a case there may be a host of factors including the timing of the pleadings making it unfair to permit one defendant to use the admissions obtained by another. Here, however, Christiana's liability is tied directly to that of Tierrasanta. Defendant Christiana is liable if at all because it is "affiliated in some business relationship, as parent company or otherwise, with Defendant TIERRASANTA REALTY." In these circumstances there is no reason to limit the use of the admissions to Tierrasanta. Christiana has every right to use the admissions as well.

**B**

*The Court Properly Ruled There Was Substantial Compliance With Section 2033.\**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote *ante,* page 144.

## DISPOSITION

Judgment affirmed.

Work, J., and Kintner, J.,* concurred.

A petition for a rehearing was denied December 16, 1985.

---

*Assigned by the Chairperson of the Judicial Council.