Filed 4/23/14  Marriage of Cobb CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of JENNIFER COBB and JASON COBB. | |
| JENNIFER COBB,<br><br>        Respondent,<br><br>v.<br><br>JASON COBB,<br><br>        Appellant. | A139324<br><br>(San Mateo County<br>  Super. Ct. No. FAM0116981) |

Jason Cobb (husband) appeals from an order filed on July 9, 2013, which denied his motion to vacate an order entered after a hearing on August 27, 2012, in which the court limited his visits with his two children at the request of his wife Jennifer Cobb (wife).  The trial court denied husband's motion to vacate for "the primary reason" that he failed to file it within "a reasonable time" as required by Code of Civil Procedure section 473, subdivision (b) (§ 473(b)).  Contrary to husband's contention, we find no abuse of discretion in the court's ruling, and accordingly, affirm the order.

# FACTS[1]

### A. Background

The parties are husband and wife and the parents of two children. On March 16, 2012, wife filed a petition and motion seeking orders of custody and visitation regarding the children, who were then 10 and 8 years old. Commissioner Susan Greenberg adjudicated the wife's requests at a hearing at which the parties appeared in propria persona. In an order filed on May 3, 2012, the commissioner granted the parties joint legal custody and wife sole physical custody of the children. The commissioner further ordered husband's visits were to be in the presence of one or two members of the family's congregation and/or wife and were to take place on Sundays for eight hours, Monday evenings for two hours, Tuesday evenings for one hour with the older child, and Wednesday evenings for one hour with the younger child. The parties were directed to arrange for the children to be interviewed by a family court services mediator. The matter was continued for a further hearing on May 24, 2012.

At the May 24, 2012, hearing, husband appeared in propria persona and wife appeared with counsel. Commissioner Greenberg considered both a review of the custody and visitation orders and husband's motion to increase visits. Having read the mediator's updated report and husband's motion papers, and after discussing the matter with the parties in open court, the commissioner appointed an approved custody evaluator to perform a full child custody evaluation and psychological testing of both parties. The commissioner noted the custody evaluation would be very useful to the court in making additional orders and would not be difficult for the children. The commissioner further directed that the parties were to share the costs of the evaluation "with an allocation to be reserved." The commissioner refused to either increase or decrease husband's visits with the children without the results of the custody evaluation, but granted wife's request that

---

[1] We set forth only those facts as are necessary to resolve the issue raised on this appeal.

2

Sunday visits be supervised by a mutual friend. The parties were directed to return to court for a hearing on August 20, 2012 regarding the custody evaluation report.

On July 6, 2012, wife, representing herself, filed a FL-300 form "request for order" seeking attorney fees and costs and scheduled a hearing for August 27, 2012. Thereafter, on August 7, 2012, the parties and wife's counsel had a conference call with the court-appointed custody evaluator who had not yet been paid his fee. The parties agreed and signed a stipulation to continue the August 20 hearing to August 27.

On August 16, 2012, wife filed a declaration relating to the custody and visitation orders to be reviewed at the August 27 hearing. The wife attached to her declaration an updated letter from the children's treating therapist and a separate letter from a psychologist who had seen the children in July 2012. Both professionals recommended that any contact between husband and the children should be supervised. On August 20, 2012, husband, in propria persona, filed a FL-320 form responsive declaration to wife's request for attorney fees and costs.

At the August 27, 2012, hearing, wife appeared with counsel and husband did not appear. Commissioner Greenberg noted there were two issues to be resolved that day: wife's request for attorney fees and costs and a review of the custody and visitation orders. As to the latter issue, the commissioner noted husband had not yet complied with the order directing a custody evaluation. However, after reading the reports of the professionals who had seen the children, the commissioner was "more and more concerned with the trauma that the [children] undergo every time they need to see their dad [and] actually the time they do see him." Consequently, the commissioner modified her previous visitation order by deleting husband's visits mid-week and on weekends, and limiting husband to supervised visits with both children once a week at a family visitation center. The parties were directed to register at the visitation center by 5 p.m. on August 31. The commissioner's ruling was incorporated in a formal order filed on September 12, 2012. Five days later, on September 17, 2012, wife mailed the September 12, 2012, order to husband.

3

On September 27, 2012, husband filed a motion for reconsideration of the order entered after the August 27 hearing. The hearing on the motion was originally scheduled for November 5. When husband failed to appear on November 5, the court continued the matter to December 10. At the December 10 hearing, wife was present but husband did not appear. The court took the "hearing off calendar," pursuant to "a fax" from a named attorney then representing husband.

## B.    Current Litigation

On February 27, 2013, more than two months after the withdrawal of his motion for reconsideration, husband, in propria persona, filed a motion, pursuant to section 473(b), to vacate the order entered after the August 27, 2012, hearing. In his initial motion papers, he proffered explanations as to why he did not either oppose wife's request for supervised visits or appear at the August 27 hearing. But, he offered no explanation for his delay in seeking section 473(b) relief. Wife opposed husband's section 473(b) motion, asserting, in pertinent part, that he had previously filed a motion for reconsideration, hired an attorney for a few weeks, that attorney advised him not to go forward with the motion, and the attorney faxed a letter to the court stating that the motion could go off calendar. In his reply, husband contended that his prior motion for reconsideration was incorrectly withdrawn due to an error on the part of his former attorney.

On July 9, 2013, Honorable Richard H. Dubois presided at the hearing on husband's section 473(b) motion. Husband appeared in propria persona and wife was represented by counsel. The court tentatively ruled it was not inclined to grant husband's motion, explaining in pertinent part: "The [August 27] order was entered almost six months to the day prior to the motion to set aside and [although] . . . the law provides up to six months to file such a motion . . . it says that the motion should be filed within a reasonable time not to exceed six months. And if, in fact, [husband was] unable to [appear] for various reasons, the Court normally sees these motions filed within a week or two instead of six months later." The court then asked husband to explain why he had waited six months to file his section 473(b) motion. Husband replied that he had filed a

4

timely motion for reconsideration, but the motion had been "withdrawn through attorney error," and at that point, husband "had to re-assess and learn what other avenue was opened for [him] to use." He further asked the court to consider that he was self-represented, in "a highly reactive mode and mode of disruption as this whole thing was unexpected," he was "speaking to lawyers," he "wasn't clear on the provision of 473 at that point in time," his focus was "solely" on "[Code of Civil Procedure] 1008 as a basis for [a] motion for reconsideration," and "it was just a lot going on." The court understood husband's arguments but confirmed its tentative ruling and denied the section 473(b) motion. Husband timely appeals from the July 9, 2013 order.

### DISCUSSION

Having considered husband's arguments, we conclude he has failed to demonstrate that the court abused its discretion in denying his section 437(b) motion.

"Section 473, subdivision (b), provides that a court may, on such terms as may be just, relieve a party . . . from [a judgment, dismissal, order, or other proceeding taken against him or her through his or her] . . . mistake, inadvertence, surprise, or neglect. Application for such relief must be made 'within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken.' [¶] Under the statute and in addition to the necessity of . . . a sufficient showing of 'mistake, inadvertence, surprise, or neglect,' the application must also be made within a 'reasonable time' within six months after the party becomes aware that [an order] has been entered . . . . [W]hat a 'reasonable time' is in any case depends primarily on the facts and circumstances of each individual case, but definitively requires a showing of diligence in making the motion after the discovery of the [order]. [Citation.] . . . If there is a delay in filing for relief under section 473, the reason for the delay must be substantial and must justify or excuse the delay." (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1181.)

Contrary to husband's contention, the record does not demonstrate that his section 473(b) motion was made within a reasonable time. In his motion papers, husband acknowledged that he knew about the court's ruling regarding supervised visits on the

5

evening of August 27, 2012.  Although he submitted a timely motion for reconsideration, he conceded his counsel withdrew that motion on December 10, 2012.  "[W]hile 'courts . . . are somewhat loath to penalize a litigant on account of some omission on the part of his attorney,' " the litigant must explain the circumstances of the "excusable mistake or neglect on the part of his counsel." (*Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 532.)  Here, neither in the trial court nor on appeal has husband described the nature of his former counsel's error.  For example, husband does not claim that his former counsel's withdrawal of the reconsideration motion exceeded counsel's authority or was based on a misunderstanding of the law.  More significantly, husband failed to demonstrate that he acted diligently in pursuing section 473(b) relief after the withdrawal of the motion for reconsideration.  Neither in the trial court nor on appeal has husband asserted that his former counsel misadvised him of his legal remedies after withdrawal of the reconsideration motion.  Rather, in both the trial court and on appeal, husband has argued only that after the withdrawal of the reconsideration motion, he was representing himself and he did not learn of his right to pursue section 473(b) relief until "February 2013" when he spoke with "a legal professional" who explained the law to him.  However, neither in the trial court nor on appeal has husband offered an explanation as to why he could not have consulted with a legal professional to determine his legal options before February 2013.  "A defendant appearing in propria persona is held to the same standard of knowledge of law and procedure as is an attorney." (*People v. Clark (*1990) 50 Cal.3d 583, 625.)  Thus, as the trial court here appropriately acknowledged, husband's in propria persona status and his lack of knowledge of the law explains but does not excuse his failure to file his motion within a reasonable time as required by section 473(b).[2]

---

[2]     This case is readily distinguishable from the two cases cited by husband:  *Elston v. City of Turlock* (1985) 38 Cal.3d 227 (*Elston*), superseded by statute on another ground as described in *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 64-65, and *Smith v. Los Angeles Bookbinders Union* (1955) 133 Cal.App.2d 486, disapproved on another point in *MacLeod v. Tribune Publishing Co.* (1959) 52 Cal.2d 536, 551.  In *Elston*, defendant failed to timely respond to a request for admissions and the section 473

6

"In reviewing the evidence in support of a section 473 motion, we extend all legitimate and reasonable inferences to uphold the [order].  The disposition of such a motion rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion."  (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.)  On this record we have no problem in concluding that the court acted well within its discretion in rejecting as insufficient husband's excuses for his delay in filing his section 473(b) motion.[3]

**DISPOSITION**

The July 9, 2013, order is affirmed.  Jennifer Cobb is awarded costs on appeal.

_____

Jenkins, J.

We concur:

_____

McGuiness, P. J.

_____

Siggins, J.

---

motion was filed within eight days of notice that plaintiff deemed the matters admitted. (*Elston, supra*, at p. 234.)  Similarly, in *Smith*, plaintiff entered a default when defendant failed to respond to an amended complaint and the section 473 motion was filed within four days of the discovery that plaintiff was applying for entry of judgment on the default.  (*Smith, supra,* at p. 498.)

[3]     In light of our determination, we need not address husband's other contentions.