[No. G013027. Fourth Dist., Div. Three. Jan. 28, 1994.]

CANDICE AMBER TACKETT, Plaintiff and Appellant, v.
CITY OF HUNTINGTON BEACH, Defendant and Respondent.

**COUNSEL**

Rainboldt & McIntyre and Richard E. Rader for Plaintiff and Appellant.

Davis, DiGrazia & Balmuth and Robert L. Balmuth for Defendant and Respondent.

**OPINION**

CROSBY, J.—Do the recent amendments to Code of Civil Procedure section 473, requiring a trial court to vacate a default, default judgment, or dismissal if the aggrieved party's attorney submits a timely application for relief "in proper form, . . . accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect," apply to a motion under Government Code section 946.6 for relief from the claim-filing requirement under the Government Tort Claims Act? *No.* Alternatively, did the superior court abuse its discretion in concluding the petitioning party failed to show excusable neglect that would warrant relief from the Government Code's tort claims filing requirement? Again, the answer is *no.*

I

Candice Amber Tackett tripped on a Huntington Beach sidewalk on January 3, 1991. She retained Attorney James A. Rainboldt three weeks later. He failed to file a claim with Huntington Beach within six months of the accident, as required by Government Code section 911.2. An application for leave to file a late claim was submitted on August 30.[1] The application included a bald conclusion, devoid of elaboration, that "[t]he reason for the delay in presenting this claim is the *mistake, inadvertence, surprise, and excusable neglect* of the claimant and James A. Rainboldt, attorney." (Italics added.) The application was denied on September 25.

Tackett's counsel then waited five months and twenty-eight days, until March 24, 1992, to petition the superior court for relief from the claim presentation requirement. In the supporting declaration, Rainboldt asserted, "Through *inadvertence and mistake*, a member of my staff failed to calendar Petitioner's claim for timely presentation to the City of Huntington Beach. [¶] [ ] When the calendaring error was discovered, Application for Leave to

---

[1] The record suggests Tackett's lawyer initially tried to finesse the statute by simply submitting a claim on July 12, 1991, without including an application to file a late claim. The record does not contain this original claim. We do know it was rejected as untimely, although no one has advised us of the date of rejection.

Present Late Claim was presented and received by . . . Huntington Beach on August 30, 1991." (Italics added.)

Huntington Beach opposed the petition on the basis that no excusable neglect had been shown. Before the hearing, and in an apparent effort to rebut the city's opposition, Tackett's attorney asserted in a four-paragraph document denominated as a declaration that he "noted [] a claim against the [c]ity would have to be presented by July 3, 1991; a member of my staff inadvertently miscalendared the due date as July 13."[2] The primary subject of discussion at the hearing on the petition was whether Tackett's counsel established excusable neglect. The superior court continued the matter to give him the opportunity to file a more detailed declaration.

In that submission Rainboldt stated, "In reviewing our file it appears that the statute for the government claim was recorded in our statute book, however, it is along the right margin of the page [actually it is in the center of the page] and in a position to be easily overlooked. Statutes are recorded and appropriate action initiated as they approach by my law clerk, Mr. Brown. The instant government claim was miscategorized in our data base as not a public entity and therefore did not appear on the firm's monthly statute report. [¶] Statutes are recorded and checked by at least two persons working independently, however, as is obvious in this case, our system failed to catch this particular statute date. Once that failure became known, we immediately filed a claim."

The trial court was admittedly taken aback by the new declaration: "You know, Mr. Rainboldt, giving you a chance to enter some supplemental declarations I think has actually hurt you. What my understanding was last time was that the case had been miscalendared as far as the statute of limitation. It appears that wasn't the case at all. In fact, the calendar had the correct statute date down." If the subsequent comments by Rainboldt in open court are to be believed, then none of the declarations was accurate. He told the court his office maintains both a handwritten statute book and a computer tickler. When the Tackett matter was submitted on the computer, the secretary neglected to note a public entity was involved; accordingly, it was tickled for a one-year statute of limitations rather than six months. Nothing was mentioned concerning the previous assertion that a July 13, 1991, date was entered.

When the judge pressed Rainboldt for details ("And then the case just languishes. It sounds as if nothing was done on the case, frankly, because if

[2]The "declaration" was not under penalty of perjury and did not comply with the requisites of Code of Civil Procedure section 2015.5.

anyone had been doing any discovery, anything, it would have been obvious to them that the [c]ity was a public entity"), he offered no explanation for the evident failure to either consult the handwritten statute book or engage in any investigation or prelitigation activity for more than six months. Rainboldt spoke in general terms concerning office procedure for handling personal injury claims, but did not, for example, state that his client's medical condition was too unstable to file a claim, any investigation was ongoing, or he had trouble locating witnesses.

## II

Government Code section 946.6, subdivision (c)(1) provides that a court "shall relieve the petitioner" from the claim presentation requirement if "[t]he failure to present the claim was through mistake, inadvertence, surprise, or *excusable* neglect unless the public entity establishes that it would be prejudiced [if the petition were granted]." (Italics added.) ▄ Tackett's primary argument on appeal is that the current version of Code of Civil Procedure section 473, which mandates relief from a default, default judgment, or dismissal where an attorney files a timely declaration admitting neglect, even if inexcusable, applies to a Government·Code section 946.6 petition. Accordingly, because her attorney filed a declaration admitting neglect, she argues the superior court was required to grant the petition without regard to whether Rainboldt's professional shortcomings were excusable. We disagree.

Before 1989, the Supreme Court consistently held, "To receive relief under this provision, petitioner must make the same showing as is required for relief from default under [Code of Civil Procedure] section 473." (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233, fn. 5 [211 Cal.Rptr. 416, 695 P.2d 713].) But until that year, the standards for relief in Government Code section 946.6 and Code of Civil Procedure section 473 were identical in all cases: Both required a showing of "mistake, inadvertence, surprise, or excusable neglect." A significant distinction between the two statutes was that the requisite showing mandated relief under Government Code section 946.6, but gave the court discretion to deny it under Code of Civil Procedure section 473.

Effective 1989, the Legislature made two changes ˙to Code of Civil Procedure section 473. It first eliminated a trial court's discretion to deny a motion for relief from a default judgment, provided "an application for relief is timely, in proper form, and accompanied by an attorney's sworn declaration attesting to his or her mistake, inadvertence, surprise or neglect. . . ." Second, where an attorney attested to his or her neglect, relief from a default

judgment was guaranteed without establishing that the neglect was excusable.

The amendments were not written to cover every situation where Code of Civil Procedure section 473 relief was sought, however; they applied only to default judgments. (*Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 256 [275 Cal.Rptr. 80].) *Billings*'s literal interpretation of the amendment to Code of Civil Procedure section 473 has not been criticized by any reviewing court and has been accepted by at least one in a published opinion (*Ayala* v. *Southwest Leasing & Rental, Inc.* (1992) 7 Cal.App.4th 40 [8 Cal.Rptr.2d 637]). The Legislature has implicitly accepted it as well by amending section 473 twice more without undercutting *Billings*. Now, a mea culpa declaration by an attorney establishing that a default, default judgment, or dismissal was entered against his or her client as the result of attorney neglect deprives the trial court of discretion to deny relief, even without a showing that the neglect was excusable.

But when an aggrieved party is not challenging a default, default judgment, or dismissal, Code of Civil Procedure section 473 still requires that an attorney's neglect be excusable before relief can be granted under that provision. That standard is expressly retained in Government Code section 946.6.

## III

■ The conclusion in the previous section brings us to Tackett's backup position: Rainboldt's neglect was excusable. Again, we disagree.

In *Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276 [228 Cal.Rptr. 190, 721 P.2d 71], the Supreme Court wrote, "In deciding whether counsel's error is excusable, this court looks to: (1) the nature of the mistake or neglect; and (2) whether counsel was otherwise diligent in investigating and pursuing the claim." There, an attorney timely filed a tort claim, but with the wrong public entity (the state instead of the appropriate community college district). The Supreme Court found the neglect to timely file a claim with the proper entity excusable.

Along the way, the majority favorably reviewed two Court of Appeal decisions where the appellate panels concluded the trial court abused its discretion in refusing to find an attorney's neglect excusable. In *Nilsson* v. *City of Los Angeles* (1967) 249 Cal.App.2d 976, 980 [58 Cal.Rptr. 20], the Court of Appeal wrote, ". . . calendar errors by an attorney or a member of his staff are, under appropriate circumstances, excusable." Although the law

firm's failure to calendar the then 100-day statute for filing a tort claim was unexplained, the reviewing court determined it was excusable. Similarly, in *Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480 [91 Cal.Rptr. 717, 55 A.L.R.3d 925], the appellate panel excused an attorney's neglect in missing the 100-day claim presentation deadline. The law firm was retained within two weeks of the one hundred-day statute. The attorneys immediately began investigating the claim and opening pertinent records, but they neglected to formally create a file. They quickly discovered the mistake and promptly sought to rectify it.

In our view, the facts in *Bettencourt, Nilsson,* and *Flores* stand in stark contrast to those in this case. It is impossible for a court to characterize neglect as excusable when the attorney has not described what the neglect was. No declaration or other competent evidence even suggested, much less established, a calendaring error. To the contrary, it is clear this matter was correctly calendared to show a six-month deadline for filing a Government Code claim. It is also all too clear that absolutely no action was taken on Tackett's claim after she retained Rainboldt's services. In the decisions Tackett has relied on, the attorneys who were accorded relief, although neglectful, had been "otherwise diligent in investigating and pursuing the claim." Here, there was neither diligence nor an explanation for the total failure to act during the five months after Tackett became a client and the six months after Huntington Beach denied the application for leave to file a late claim. On this record, we can find no abuse of discretion by the superior court. Tackett's remedy, if any, is to pursue her attorney for malpractice.

Order affirmed. Respondent is entitled to costs.

Sills, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied February 17, 1994, and appellant's petition for review by the Supreme Court was denied April 21, 1994.