EPSTEIN, Acting P. J., Dissenting.
In the majority’s phrasing, the issue in this case is “the applicability of [Code of Civil Procedure] section 473’s mandatory provision where the plaintiff initially fails to appear at the arbitration, resulting in the entry of a defense award, and then fails to timely request a trial de novo.” (Maj. opn., ante, at p. 594.) The majority applies the provision “where the plaintiff loses the opportunity to participate in the arbitration due to negligence of counsel, and the award becomes final also due to attorney misfeasance.” (Ibid.)
*603 The rationale for this result is that, while the arbitrator issued a take-nothing award, “the effect was the same as a dismissal for failure to appear on the first day of trial. . . . Thus, the judgment entered in this matter was analogous to a default because it came about as a result of appellant’s failure to appear and litigate at the arbitration hearing.” (Maj. opn., ante, at p. 601.) I respectfully dissent because the rationale reads more into the statute than is there.[1]
There is no doubt that plaintiff’s situation is the result of errors by her attorneys, first in failing to calendar and appear at the arbitration, and then by failing to file a timely request for a de novo trial. Counsel sought discretionary relief under Code of Civil Procedure section 473, which was denied. The majority concludes the trial court did not abuse its discretion in reaching that result. I agree.
The issue, then, is whether the mandatory portion of the statute applies. That provision is limited in scope. It requires relief when attorney error results in a “default entered by the clerk against his or her client, and which will result in a default judgment,” or will result in a “default judgment or dismissal against his or her client.” (Code Civ. Proc., § 473, subd. (b).) The majority appears to believe that both a default and a dismissal occurred in this case, because the impact of what happened is the same as though these events had occurred. In fact, neither occurred.
A “default entered by the clerk” is not any adverse result flowing from the failure of an attorney to do an act. It is, instead, a formal entry made when a party sued fails to answer the charges, or where its answer is stricken. (See Tackett v. City of Huntington Beach (1994) 22 Cal.App.4th 60, 65 [27 Cal.Rptr.2d 133]; Ayala v. Southwest Leasing & Rental, Inc. (1992) 7 Cal.App.4th 40 [8 Cal.Rptr.2d 637]; Billings v. Health Plan of America (1990) 225 Cal.App.3d 250, 256 [275 Cal.Rptr. 80].)
Nor, by any stretch, may the trial court’s action properly be described as a dismissal. Without belaboring the obvious, it should suffice to say that, in the context of pleadings and motions, a dismissal is the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court. A leading law dictionary defines it as “[a]n order or judgment finally disposing of an action, suit, motion, etc., without trial of the issues involved.” (Black’s Law Diet. (5th ed. 1979) p. 421; see *604 also Code Civ. Proc., §§ 581 [kinds of dismissal], 583.110 et seq. [dismissal for delay in prosecution]; McColgan v. Jones, Hubbard, etc., Inc. (1938) 11 Cal.2d 243 [78 P.2d 1010] [dismissal compared to nonsuit].)
The dismissal provision was added to the mandatory portion of Code of Civil Procedure section 473, apparently as a response to the Billings case. In Billings, the court held that a default had not occurred after an action was dismissed following the sustaining of a demurrer with leave to amend and the failure of the plaintiff to amend within the allotted time. The purpose of the amendment was to give plaintiffs the functional equivalent of the “default” provision for defendants: a remedy when a case is dismissed for failure to file a charging pleading or an answer. (See Tustin Plaza Partnership v. Wehage (1994) 27 Cal.App.4th 1557, 1563, fn. 6 [33 Cal.Rptr.2d 366], and discussion of the amendment in the majority’s treatment of the issue (maj. opn., ante, at p. 600).) As the majority recognizes, the dismissal provision “was not written to cover every situation where a dismissal occurs due to attorney misfeasance and section 473 relief is sought.” (Ibid.)
There was no dismissal in this case. The failure of counsel to appear and present a case at the arbitration hearing resulted in what amounts to an award for the defendant. That award was subject to de novo trial as a matter of right; all appellant’s counsel had to do was to file a timely request for de novo trial. The failure to do that did not bring about the dismissal of anything. What happened is that the arbitration award ripened to a judgment.
The real basis of the majority’s position, I believe, is its view that Code of Civil Procedure section 473 relief is mandatory when the client loses his or her day in court due solely to the failure of the attorney to act in a timely fashion. Yet, in conceding that a dismissal for failure to prosecute is not the sort of dismissal contemplated by the mandatory language of section 473, the majority itself recognizes that the provision does not have so broad a sweep. If the Legislature had intended to require relief whenever a client loses his or her day in court due to attorney error, it could easily have said so. The Legislature has balanced the competing interests so that, where a party is out of court for failure to file a charging or responsive pleading due entirely to the fault of counsel, relief is mandatory; otherwise it is discretionary.
The majority cites and relies on Avila v. Chua (1997) 57 Cal.App.4th 860 [67 Cal.Rptr.2d 373]. As pointed out in the majority opinion, that case involved a summary judgment awarded after the plaintiff filed a late separate statement, which the trial court struck because it was late. The moving party obtained full summary judgment (termed “dismissal of his complaint” at 57 *605 Cal.App.4th at p. 862) as a result. In that, the case is much closer to a true default entered after the striking of an answer than it is to this case. Arguably, the case is distinguishable on that basis. Nevertheless, I agree that its rationale supports the majority position here. But the decision suffers from the same flaws as here: There was neither a default nor a dismissal, and to read the mandatory provision of Code of Civil Procedure section 473 to apply whenever a party loses his or her day in court due to attorney error goes far beyond anything the Legislature has done. With respect to my colleagues, on this court and on the Avila court, I believe they are wrong.
Since there was neither a default nor a dismissal in this case, nor an abuse of discretionary power, I would affirm the judgment.
Respondents’ petition for review by the Supreme Court was denied April 1, 1998.

 It is notable that appellant’s counsel did not argue the mandatory provision of Code of Civil Procedure section 473 to the trial court. His argument there was addressed entirely to the court’s discretionary power to relieve his client of the product of counsel’s errors. The same was true with his briefing here, until we invited him to address the mandatory issue by a Government Code section 68081 letter.