Filed 7/1/14  Tessman v. Bank of America CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOY TESSMAN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>Defendants and Respondents. | F066873<br><br>(Super. Ct. No. CV-275854)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer and Sidney P. Chapin, Judges.†

Lieber Williams & Labin and Stanley P. Lieber for Plaintiff and Appellant.

Bryan Cave, Brian J. Recor and Bradley J. Dugan for Defendants and Respondents.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Kane, J., and Franson, J.

†      Judge Palmer sustained the demurrer and dismissed the action; Judge Chapin denied the motion to set aside the dismissal.

Joy Tessman appeals from the judgment entered after the trial court sustained respondents' demurrer to her second amended complaint for wrongful foreclosure without leave to amend and dismissed the action.  She also appeals from the postjudgment motion denying her motion for relief from that dismissal pursuant to Code of Civil Procedure section 473, subdivision (b) (section 473(b)).[1]

## FACTS AND PROCEDURAL HISTORY

In February 2012, Tessman sued respondents for wrongful foreclosure, to set aside a trustee sale and for related torts.  In August 2012, she filed a second amended complaint.  Her attorney was the Law Offices of Gene W. Choe.  Respondents filed a demurrer to that complaint, which was set for hearing on October 9, 2012.  Respondents contended that the complaint failed to state a cause of action for several reasons, including Tessman had not alleged satisfaction of the tender rule and therefore lacked standing to challenge the foreclosure.

In late September 2012, Tessman filed a motion for admission pro hac vice of attorney David Bythewood of New York.  The Law Offices of Gene W. Choe filed late opposition to the demurrer, but did not appear at the hearing.  The court rejected the untimely opposition but stated, "nevertheless, the Court is required and has made an independent review of the second amended complaint.  It does not state [a] cause [of action], and it does not appear that it will be—can be amended.  So the demurrer is sustained without leave to amend."  On November 8, 2012, the court dismissed the action and entered judgment for respondents.

On January 7, 2013, Tessman moved to set aside the "default judgment" pursuant to section 473(b).  She asserted that respondents had refused to continue the hearing so that her proposed pro hac vice attorney could appear and oppose the demurrer.  Tessman herself was unaware the complaint had been challenged by demurrer.  In support of the

_____

[1]    All statutory references are to the Code of Civil Procedure.

motion, Tessman submitted the declaration of attorney Gene W. Choe. He stated that the Law Offices of Gene W. Choe had been retained to prosecute the case. No attorney from the office had appeared at the hearing on the demurrer because the computer server containing all client calendaring information "was inaccessible" from October 4, 2012, through the hearing date. In addition, a number of personnel, including the calendaring clerk and staff attorney responsible for the Tessman case, left the law office, compounding the office's inability to make all required appearances. Therefore, the failure to appear on behalf of Tessman was the result of mistake, inadvertence, surprise, or neglect. Further, the failure to file timely opposition was either a calendaring mistake or attorney negligence.

In addition, Bythewood, whose renewed application to be admitted pro hac vice on behalf of Tessman was pending when the section 473 motion was heard,[2] submitted— through proposed local counsel Stanley P. Lieber—a third amended complaint and a declaration. Bythewood stated that respondents had refused his request to continue the hearing on the demurrer until after his motion to be admitted pro hac vice was heard. In addition, his ability to prepare the motion and to draft a third amended complaint had been delayed by Hurricane Sandy, which caused his office to lose power for seven days.

Respondents opposed the motion. They argued the motion was an improper use of section 473(b) because respondents' demurrer was sustained on the merits, not due to attorney error. In addition, while Choe had submitted a declaration of fault, he was not the responsible attorney handling the matter and did not declare that he had personal knowledge of the events that constituted the mistake, inadvertence or excusable neglect. Attorney Rogi Sanchez had filed the untimely opposition. Further, respondents had not agreed to Bythewood's request that they continue the hearing on the demurrer because

_____

[2] The motion was subsequently denied for failure to comply with the applicable California Rules of Court.

3.

Choe's office told them they were currently representing Tessman, and Sanchez of the Choe office filed opposition to the demurrer.

At the hearing on the motion, the court noted that neither of Tessman's proposed attorneys had standing to represent her because neither had properly substituted into the case. In addition, the ruling on the demurrer to the second amended complaint was on the merits; it was not a default judgment. At the conclusion of the hearing, the court denied the motion. It found there was no showing of any basis for mandatory relief pursuant to section 473(b), and there was an insufficient basis for discretionary relief based on mistake, inadvertence, surprise, or excusable neglect.

After the court denied the motion for relief, it granted Tessman's oral request to substitute Lieber as her attorney. With Lieber as her counsel, Tessman filed a timely notice of appeal of the judgment of dismissal and the postjudgment order denying relief.

## DISCUSSION

Tessman contends the trial court abused its discretion in denying her section 473 motion to set aside the dismissal of her action and in sustaining the demurrer to the second amended complaint without leave to amend. She raises four issues addressing the order denying section 473 relief and one issue challenging the order denying leave to amend the second amended complaint: (1) Was Tessman entitled to mandatory relief because her motion was timely and accompanied by an attorney's sworn affidavit of fault? (2) Should the motion have been decided on the merits because there was no lack of diligence in bringing it? (3) Did the court err in determining that Gene W. Choe was not the attorney responsible for the case? (4) Was Tessman's negligence, if any, excusable? and (5) Did the court abuse its discretion in denying leave to amend the second amended complaint?

## I.  Section 473 Motion for Relief

Section 473(b) authorizes a party or her legal representative to be relieved from the consequences of mistake, inadvertence, surprise, or neglect. The relief may be either

4.

mandatory or discretionary. (§ 473(b).) The language authorizing mandatory relief provides: "[T]he court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any … resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid.*)

In the alternative, the language authorizing discretionary relief provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473(b).) The application for the relief must be accompanied by a copy of the pleading proposed to be filed, and must be made within a reasonable time—within six months— after the judgment, dismissal, order, or proceeding was taken. (*Ibid.*)

### 1. *Standard of Review*

The trial court's determination whether to grant relief under section 473(b) lies within its sound discretion, and its decision will not be disturbed absent an abuse of discretion. (*Fasuyi v. Permatex, Inc*. (2008) 167 Cal.App.4th 681, 695.) However, because the law strongly favors disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits. (*Fasuyi v. Permatex, Inc*., *supra*, at p. 695.)

If the prerequisites for mandatory relief exist, the trial court has no discretion to refuse relief. And, where the applicability of the mandatory relief provision does not turn on disputed facts and presents a pure question of law, it is subject to de novo review. (*Leader v. Health Industries of America, Inc*. (2001) 89 Cal.App.4th 603, 612.)

5.

### 2. *Mandatory Relief*

Tessman contends she was entitled to mandatory relief because her motion was timely and accompanied by an attorney's sworn affidavit of fault. Her contention fails because the court found she was not entitled to mandatory relief because the dismissal of her complaint was not caused by her attorney's mistake, inadvertence, surprise, or neglect, but because it failed to state a cause of action and could not be amended to do so.

The purpose of section 473's relief is to alleviate the hardship on parties who lose their day in court due solely to their attorney's inexcusable failure to act. The provision was not intended to be a catch-all remedy for every case of poor judgment on the part of counsel that results in a dismissal. (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1397.) The court may not grant mandatory relief if it finds the dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise or excusable neglect. (§ 473(b) ["unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect"].)

Tessman asserts that her attorney failed to file timely opposition to the demurrer and failed to appear at the hearing on the demurrer due to mistake, inadvertence, surprise, or neglect. She implies that these failings caused the court to sustain the demurrer without leave to amend and to dismiss the action. Her assertion is belied by the record in which the court expressly stated that whether or not opposition was filed, the court was required to, and did, rule on the demurrer on the merits. As such, this case falls within the causation exclusion and Tessman has not shown on appeal that she was entitled to mandatory relief under section 473(b).

### 3. *Diligence*

Tessman next contends that because her motion was timely filed and served less than six months after the dismissal of the second amended complaint, it should have been decided on the merits. She contends she demonstrated diligence by hiring new counsel

and new counsel's efforts to file the motion were hindered by Choe's delay in providing an affidavit of fault and by Hurricane Sandy, which disrupted Bythewood's law office.

This contention fails because the trial court denied the motion on its merits. The trial court concluded that relief was not warranted because attorney fault did not cause the dismissal. The dismissal resulted from the pleading's failure to state a cause of action, not because counsel filed late opposition to the demurrer or failed to appear at the hearing. No abuse of discretion has been shown.

### 4.    *Determination Regarding Attorney Choe*

Tessman next contends the court erred in determining that Choe was not the attorney responsible for the case.  This contention addresses the adequacy of Choe's declaration to establish the right to mandatory relief or as evidence of mistake, inadvertence, surprise, or excusable neglect to justify discretionary relief.  The argument is irrelevant.  Even if we accept Tessman's argument that her counsel was the Law Offices of Gene W. Choe, it does not change the result.  The trial court did not abuse its discretion in finding the declaration insufficient to warrant relief.  The Choe declaration was not made on personal knowledge and Choe's vague statements explaining the office's failings did not establish the mistake, inadvertence, or excusable neglect that required discretionary relief under the statute.

### 5.    *Excusable Neglect*

Tessman asserts her neglect, if any, was excusable.  She was surprised by the dismissal of her action, the dismissal was not her fault, and she could not have avoided the dismissal by ordinary prudence.  She cites *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 for an explanation of what constitutes mistake, inadvertence, surprise and excusable neglect, but nothing in that case compels a different result in this case.  In her declaration filed in support of the motion for relief, Tessman stated that she hired the Choe law office, paid them and relied on them to prosecute her action.  She received a copy of the first amended complaint in June 2012.  She was unaware that respondents had

7.

challenged that complaint or the second amended complaint by demurrer until she was notified that the case had been dismissed.

Tessman's assertion that she was not negligent is irrelevant under the facts of this case. In moving for relief, she did not contend that her conduct led to the dismissal. Rather, she contended, it was her counsel's failure to file timely opposition to the demurrer and to appear at the hearing that resulted in the dismissal. Generally, when an aggrieved party is not challenging a default judgment or dismissal, an attorney's inexcusable neglect is imputed to the client and is not a proper basis for granting the client's motion under section 473. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 236 & fn. 6; *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 65.) The client is entitled to relief only through a malpractice action against the negligent attorney. (*Elston v. City of Turlock*, *supra*, at p. 236, fn. 6.) That Tessman herself was not negligent in prosecuting her action did not compel the trial court to grant her request for relief.

In conclusion, Tessman has not shown that the trial court abused its discretion in denying her motion for relief under section 473 and that order is affirmed.

## II.     Leave to Amend the Second Amended Complaint

Tessman contends the trial court's ruling on the demurrer that it did not appear the complaint could be amended to state a cause of action was error. She submits her new counsel is capable of drafting a sufficient complaint. However, this appeal is different from the usual appeal in that Tessman has not argued that her second amended complaint stated a cause of action. Instead, she argues there is a reasonable possibility she can amend her pleading to state a viable cause of action. She supports her position by referring to the proposed third amended complaint attached as exhibit No. E to her motion for relief under section 473. We will now address whether the proposed third amended complaint states a cause of action.

8.

### 1. *Standard of Review*

Appellate courts conduct a de novo review of a trial court's order sustaining a demurrer without leave to amend. (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1038 (*Kong*).) When considering whether there is a reasonable possibility of curing the defective pleading by amendment, appellate courts apply the abuse of discretion standard. (*Ibid.*) A trial court abuses its discretion if the plaintiff makes a showing for the first time on appeal that the pleading can be amended to overcome the pleading defects. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746.) It is the plaintiff's burden to demonstrate a reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) This abuse of discretion is reviewable on appeal even in the absence of a request for leave to amend. (*Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 550 (*Scott*); § 472c.) When an appellate court determines that there is a reasonable possibility that a plaintiff can amend to cure a defective pleading, the appellate court, under the abuse of discretion standard of review, reverses the judgment of dismissal and directs the trial court to vacate its order sustaining the defendant's demurrer without leave and to enter a new order sustaining the demurrer with leave to amend. (*Kong, supra,* at pp. 1047-1048.) Alternatively, when an appellate court determines that a plaintiff has not demonstrated a reasonable possibility of curing the defects with an amendment, the appellate court concludes there has been no abuse of discretion and affirms the judgment. (*Blank v. Kirwan, supra,* at p. 318.)

This standard of review baffles us. How can it be said that a trial court *abuses its discretion* in sustaining a demurrer without leave to amend when the plaintiff makes no showing in the trial court of an ability to amend the complaint to state a cause of action? Under these circumstances what discretion did the trial court exercise, let alone abuse? Is the trial court presumed to be clairvoyant as to whether the plaintiff might be able to successfully amend the pleading? Curiously, this standard of review does not apply to

9.

the appellate court. On appeal it is the plaintiff's burden to demonstrate how the pleading can be amended to withstand demurrer; failing that burden, the dismissal will be upheld. And yet, if the plaintiff fails to make that showing in the trial court, but makes that showing on appeal, the reviewing court must reverse and find that the trial court abused its discretion. This makes no sense.[3]

We believe this rule derives from section 472c. In relevant part it states:

> "(a) When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made. [¶] … [¶]

> "(c) As used in this section, 'open on appeal' means that a party aggrieved by an order listed in subdivision (b) may claim the order as error in an appeal from the final judgment in the action."

In our view, this statutory language is susceptible to two different meanings: (1) that a plaintiff may request leave to amend for the first time on appeal and if the appellate court grants leave, then the trial court ipso facto abused its discretion or (2) that the plaintiff may appeal an order sustaining a demurrer without leave to amend even though the plaintiff did not request leave to amend in the trial court. The latter interpretation is analogous to permitting a party to appeal an adverse trial judgment without requiring it to first file a motion for new trial as a prerequisite to appealing the judgment. (*Mattox v. Isley* (1952) 111 Cal.App.2d 774, 780.)

Case law, without any analysis or consideration of the possibility of these different interpretations of section 472c, has unwittingly interpreted this statute to require that a trial court be held to have *abused* its discretion if the plaintiff makes a showing for the

---

**3**    This rule has been extended even further where a court has permitted the plaintiffs to file a third amended complaint even though they made no such request to amend their pleadings *on appeal*. (*Baldwin v. Marina City Properties, Inc*. (1978) 79 Cal.App.3d 393, 413.)

*first time on appeal* that the pleading can be amended to overcome the defects that led to the demurrer being sustained.  (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 746; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971; *Scott*, *supra*, 6 Cal.3d at p. 550; *Faulkner v. Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 331 (*Faulkner*).)  This interpretation has a weak foundation in case law.  For example, in *Scott*, *supra*, at page 550, our Supreme Court stated:  "abuse of discretion in sustaining a demurrer without leave to amend is reviewable on appeal even in the absence of a request for leave to amend."  (§ 472c; *Faulkner*, *supra*, at p. 331.)  Such a statement does not actually support the interpretation that a trial court can be held to have *abused* its discretion if the plaintiff makes a showing for the *first time on appeal* that the pleading can be amended to overcome the defects that led to the demurrer being sustained.  *Scott* cites *Faulkner*, but that opinion merely noted:  "Plaintiffs have not, either in this court or in the trial court, requested leave to amend (such request, we recognize, is not necessary for certain purposes,  Code Civ. Proc., § 472c), or suggested that any amendment materially affecting any of their alleged causes of action could be added …."  (*Faulkner*, *supra*, at pp. 331-332.)

We urge our Supreme Court to revisit this issue and clarify the standard of review applicable to trial court orders sustaining demurrers without leave to amend.

Tessman has additional burdens in prosecuting this appeal.  When challenging an order denying leave to amend, a plaintiff must show how she can amend her complaint and how that amendment will change the legal effect of the pleading.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 (*Rakestraw*).)  The assertion of an abstract right to amend does not satisfy this burden.  The plaintiff must clearly and specifically set forth the relevant substantive law and the legal basis for amendment:  the elements of the cause of action, the legal authority for the claim, and the factual allegations that sufficiently state all elements of that cause of action.  (*Ibid*.)

11.

## 2. *Proposed Third Amended Complaint*

As mentioned, Tessman does not contend that her second amended complaint stated a cause of action. Instead, she argues that her proposed third amended complaint, which was initially attached to her motion for relief under section 473, does state a valid cause of action or causes of action. In her opening appellate brief, Tessman's entire argument in support of her claim that the proposed third amended complaint states a cause of action is stated as follows:

> "[Tessman's] Third Amended Complaint … is attached to [Tessman's section] 473 motion, which Third Amended Complaint … is very different from the Choe drafted Complaint, …, First Amended Complaint, …, and Second Amended Complaint .…

> "The Third Amended Complaint was never evaluated for the trial court refused to do so.…

> "Here, this was a [section] 473 motion and one of the issues was whether or not [Tessman] was capable of amending her complaint so that it could withstand challenge by a Demurrer. The Third Amended Complaint, …, is such a complaint. [¶] … [¶]

> "Here, the proposed Third Amended Complaint, …, shows that requisite reasonable possibility of amendment."

In her reply brief, Tessman elaborates further on the third amended complaint. Respondents contend that Tessman has not satisfied her burden on appeal to enumerate both the proposed allegations and the substantive law demonstrating that the allegations are viable, citing *Rakestraw*, *supra*, 81 Cal.App.4th 39, and other authorities. We deem it unnecessary to decide whether Tessman has fully satisfied her burden because we conclude that the third amended complaint fails to state a cause of action.

Tessman's pleadings, including the second amended complaint and the proposed third amended complaint, have as their gravamen that Optima Mortgage Corporation (original lender) never transferred her promissory note to Mortgage Electronic Registration Systems, Inc. (MERS), Bank of America, N.A. (BAC) or ReconTrust Co.,

12.

N.A. (Recon) and these entities knew her promissory note had not been transferred to them. On the basis of this allegation, Tessman attempts to state causes of action for wrongful foreclosure, fraud, conversion and other related theories. However, there is a long line of cases that establishes the rule that a borrower who has defaulted on a loan has no standing to challenge foreclosure proceedings (before or after foreclosure is conducted) where the plaintiff cannot show that she was prejudiced by any alleged improper or invalid transfer of her promissory note or deed of trust. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515 [where borrower concedes through default, even if improper assignment, borrower is not relevant party and is not a "victim"]; *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, 501 [borrower who defaults has no standing to allege note and deed of trust improperly securitized and assigned in postforeclosure action]; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507 [even where the borrowers can allege specific facts showing assignment was void, they failed to show prejudice to themselves, given their default on the loan]; *Keshtgar v. U.S. Bank, N.A.* (Jun. 9, 2014, B246193) \_\_\_ Cal.App.4th \_\_\_ [2014 Cal.App. Lexis 498, 9] [defaulting borrower must show prejudice even in postforeclosure action; otherwise, lacks standing].)[4]

At oral argument, Tessman's counsel conceded that he could not allege any specific facts of prejudice suffered by his client as a result of the alleged wrongful acts and omissions of respondents. He also conceded that if respondents had not committed any wrongful acts or omissions, his client's current predicament would not have been any

---

[4]     *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 does not assist Tessman. There, the case was controlled by a New York statute that rendered the transaction, as alleged in the plaintiff's pleading, "void." (*Id.* at p. 1098.) We held that the borrower could state a cause of action for wrongful foreclosure based on that New York statute. No comparable statute has been cited here.

different, given her default.  Thus, we conclude that Tessman has not and cannot allege prejudice and therefore all of her claims fail to state a cognizable cause of action.

## DISPOSITION

The judgment and postjudgment order are affirmed.  Costs are awarded to respondents.