Filed 8/25/22  Rodriguez v. L.A. County Dept. of Health Services CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| MARIA GARCIA RODRIGUEZ, Petitioner and Appellant, v. LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES, Respondent. | B314824 (Los Angeles County Super. Ct. No. 20STCP03980) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Affirmed.

National Choice Lawyers and Koorosh K. Shahrokh for Petitioner and Appellant.

Pollack, Vida & Barer, Daniel P. Barer and Anna L. Birenbaum for Respondent.

_____

Maria Rodriguez (Rodriguez) underwent a medical procedure to remove her gallbladder at the Harbor-UCLA Medical Center (Harbor-UCLA), which is run by the Los Angeles County Department of Health Services (the County). Due to problems with the first procedure, she underwent a second procedure just days later. Rodriguez subsequently retained counsel to represent her in bringing a medical negligence claim against Harbor-UCLA.

Rodriguez's counsel failed to file a claim notice against the County within six months of Rodriguez's gallbladder procedures, which is required prior to filing a suit for monetary damages against a public entity under Government Code sections 945.4 and 911.2, subdivision (a).[1] When counsel realized his error, he filed an application for leave to file a late claim with the County under section 911.4, subdivision (b), which the County denied. Rodriguez sought relief from that denial in Los Angeles Superior Court under section 946.6. The trial court denied her petition. Rodriguez now appeals from that denial.

We agree with the trial court that Rodriguez failed to show by a preponderance of the evidence that her application for leave to file a late claim was made within a reasonable time and was due to mistake or excusable neglect, as she was required to establish under section 946.6, subdivisions (c) and (c)(1) and our Supreme Court's decision in *Ebersol v. Cowan* (1983) 35 Cal.3d 427, 431 (*Ebersol*).) Accordingly, we conclude that the trial court did not abuse its discretion and affirm the judgment.

---

[1]    Unless otherwise noted, all further statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, Rodriguez went to Harbor-UCLA for a procedure to remove her gallbladder. According to Rodriguez's claim against Harbor-UCLA, the doctors who performed her procedure were negligent in leaving portions of her gallbladder and surgical clips behind and failing to properly close blood vessels to prevent internal bleeding. As a result, she had a second surgery, also in December 2019, to address these issues.

At some point, Rodriguez retained counsel (Counsel) to represent her in a lawsuit against Harbor-UCLA alleging medical negligence. On its website, Counsel's law firm lists medical malpractice as one of the types of personal injury law it practices. The website has a page titled "Skilled Medical Malpractice Attorneys in Los Angeles" that states that its lawyers are "experienced, knowledgeable and capable of successfully handling very complicated medical malpractice claims . . . ."

At Counsel's firm, after a call from a potential client comes in, a "general intake" is conducted, and the potential client's "file" is reviewed to identify possible defendants. Counsel declared that when he reviewed the file for Rodriguez, "I noted the name 'Harbor UCLA Medical Center' and incorrectly assumed that the facility was part of the Regents of the University of California," when it is actually operated by the Los Angeles County Department of Health Services. Counsel was aware from "prior experience" that facilities operated by the Regents of the University of California are exempt from Government Code claims notice requirements.

As a result of his mistaken assumption, Counsel did not send notice of Rodriguez's claim to the County within the required six-month period under section 911.2. Instead, on October 5, 2020, he sent a notice of intent to sue under Code of

3

Civil Procedure section 364 to Harbor-UCLA and to the Regents of the University of California.

On October 20, 2020, Counsel received a response from Harbor-UCLA stating that it was not authorized to accept the notice of intent to sue under Code of Civil Procedure section 364 because it was operated by the Los Angeles County Department of Public Services. This was the "first time [Counsel] realized that the Respondent might be a public entity."

The next day, Counsel prepared and served on the County an application for leave to file a late claim. The County denied the application on November 20, 2020.

In December 2020, Rodriguez petitioned the superior court under section 946.6 for relief from the requirement in section 945.4 that a timely claim must be presented to a public entity before filing a suit for damages. Both Rodriguez and the County submitted briefing and evidence.

The trial court held a hearing on the petition on May 13, 2021. After argument from both parties, the court denied the petition. Rodriguez timely appealed.

## DISCUSSION

### I.   Standard of Review

"The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 (*Bettencourt*).)[2]  A court abuses its

---

[2]    Rodriguez claims without any citation to precedent that our review should be "de novo." Finding no support for this contention, we reject it.

4

discretion when it exercises it in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice. (*People v. Williams* (2013) 58 Cal.4th 197, 270–271.) The court does not abuse its discretion "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

"Section 946.6 is a remedial statute intended 'to provide relief from technical rules that otherwise provide a trap for the unwary claimant.' [Citations.] As such, it is construed in favor of relief whenever possible. [Citation.] [¶] The policy favoring trial on the merits is the primary policy underlying section 946.6. [Citation.] In order to implement this policy, any doubts should be resolved in favor of granting relief. [Citation.] Consequently, where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief, denial of relief constitutes an abuse of discretion. [Citations.] In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief. [Citation.]" (*Bettencourt, supra*, 42 Cal.3d at pp. 275–276.) Nevertheless, it is not our role to decide the case de novo. "Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion, and we must do this in fact, as well as in words." (*Bennett v. City of Los Angeles* (1970) 12 Cal.App.3d 116, 120.)

## II. Rodriguez's Brief Does Not Conform to the Rules of Court Nor to Applicable Precedent

As an initial matter, the County urges us to find that Rodriguez has forfeited her appeal. We agree with the County that Rodriguez's brief does not conform to the rules of court.

5

First, Rodriguez fails to provide a summary of the significant facts supported by citations to the record by volume and page number, as explicitly required by court rules. (Cal. Rules of Court, rules 8.204(a)(1)(C), (a)(2)(C).)  Rodriguez's only summary of facts is in the section titled "statement of the case," which is devoid of record citations.  Her entire brief contains only three record citations, all of which are embedded within one of her many arguments.

Second, to argue that the trial court's conclusions were not supported by the evidence, as Rodriguez does, she was required to set forth in her brief all of the material evidence and not merely her own evidence, and failure to do so means the claim of error is waived.  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881–882 (*Foreman & Clark*).)  In her opening brief Rodriguez failed to cite at least three pieces of material evidence relied upon by the trial court.  First, she mischaracterizes the trial court's ruling, arguing it had "no grounds to assume" that Counsel was a specialist in medical malpractice, when the trial court relied on evidence that Counsel "advertises himself" as a specialist in medical malpractice, citing record evidence (printouts from his website) that Rodriguez fails to cite in her brief.  Rodriguez also fails to cite evidence that the trial court relied upon that there was published case law stating that the County operates Harbor-UCLA and that a simple internet search of Harbor-UCLA's website showed it was run by the County. As "the leading California appellate commentary instructs: 'Before addressing the legal issues, your brief should accurately and fairly state the critical facts (including the evidence), free of bias; and likewise as to the applicable law.  [Citation.]  [¶] Misstatements, misrepresentations, and/or material omissions of the relevant facts or law can instantly "undo" an otherwise

6

effective brief, . . . may draw sanctions [citation], and may well cause you to lose the case.'  (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 9:27, italics omitted.).”  (*Pappas v. Chang* (2022) 75 Cal.App.5th 975, 985.)

Rodriguez's failure to comply with the basic rules of appellate procedure waives her claims of error on appeal. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [“If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived.”]; *Foreman & Clark, supra*, 3 Cal.3d at pp. 881–882.)  Rodriguez has not cited the record for any of her arguments, except for three citations for her misleading claim that there was no evidence her attorney was a medical malpractice expert, for which she omits the evidence that the trial court actually relied upon.

Regardless, Rodriguez's appeal also fails on the merits, as discussed below.

## III.  The Filing Requirements of the Government Claims Act

The Government Claims Act requires that prior to filing a suit for monetary damages against a public entity, the party filing suit must first file a written claim with the public entity, which will then act upon it or reject it.  (§§ 945.4, 950.2, 950.6, subd. (a); *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 990.)  The claim must be presented to the public entity within six months of the date that the cause of action accrued.  (§ 911.2.)  If the party filing suit fails to file the claim within this six-month period, then they may apply to the public entity for permission to file a late claim.  (§ 911.4, subd. (a).) This application must be filed “within a *reasonable time* not to exceed one year after the accrual of the cause of action and shall

7

state the reason for the delay in presenting the claim." (§ 911.4, subd. (b), italics added.)

If the public entity denies the application to file a late claim, then the party may file a petition in superior court for relief from section 945.4's requirement of timely claim presentation. (§ 946.6, subd. (a).) That petition must show that (1) an application was made to a public entity that was denied or deemed denied, (2) state the reason for failure to present the claim to the public entity in a timely manner, and (3) provide the information required by section 910, which sets forth the contents for the claim notice that was required to be filed with the public entity before filing suit. (§§ 910, 946.6, subd. (b).)

The superior court may grant relief only if it makes two findings: First, that the application to the public entity to file a late claim was made within a "reasonable time" not exceeding one year after the accrual of the cause of action. (§ 946.6, subd. (c).) Second, that one of the four circumstances set forth in section 946.6, subdivision (c) is shown by a preponderance of the evidence. (§ 946.6, subd. (c); *Ebersol, supra*, 35 Cal.3d at p. 431.) Only one of these four circumstances is at issue in this case: "The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4." (§ 946.6, subd. (c)(1).)

In determining whether these two requirements have been met, the trial court considers "the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." (§ 946.6, subd. (e).)

## IV. The Trial Court Did Not Abuse Its Discretion in Concluding That Rodriguez Failed to Establish Relief Based on Excusable Neglect or Mistake Under Section 946.6, Subdivision (c)(1)

Rodriguez claims that Counsel's failure to present her claim within the six-month filing period was due to Counsel's "excusable neglect" and "mistake," as defined by section 946.6, subdivision (c)(1). Specifically, she argues that Counsel "incorrectly assumed" that Harbor-UCLA was operated by the Regents of the University of California and thus not subject to the Government Claims Act's notice requirement.

To establish relief based on "excusable neglect" and "mistake" under section 946.6, subdivision (c)(1), Rodriguez was required to establish that her failure to timely present a claim was reasonable under the objective "reasonably prudent person" standard, defined as "neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances." (*Ebersol*, *supra*, 35 Cal.3d at p. 435.)

When the argument is, as here, that the claimant's counsel was ignorant of a fact, they "must show more than just failure to discover a fact until too late; or a simple failure to act. He must show by a preponderance of the evidence that in the use of reasonable diligence, he could not discover the fact or could not act upon it. [Citation.])" (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1296 (*Dept. of Water & Power*); accord *N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 74.)

Rodriguez presents no such evidence. As the trial court noted, there is no evidence of when Rodriguez retained Counsel nor of what effort he made after he was retained to discover whether Harbor-UCLA was a public entity. Rather, by his own

9

admission, Counsel "incorrectly assumed" that Harbor-UCLA was part of the Regents of the University of California and only learned of his mistake after Harbor-UCLA informed him it was operated by the County. This incorrect assumption was due to his "prior experience that the facilities operated by the Regents of the University of California are specifically excluded from the Government Code claims notice requirements." Counsel conceded he did not make any attempt to research Harbor-UCLA in particular, stating "I already have knowledge about the entity because that name is similar to the entities I've dealt with in the past. . . There is no googling or searching after that. It's already – in my mind, it's already that entity."

The trial court concluded that Counsel's lack of diligence was not excusable because an online inquiry would have shown that Harbor-UCLA is a County entity, as evidenced by its website. The trial court also cited evidence that a search of published state court opinions would have identified Harbor-UCLA as a County facility. Finally, the trial court cited evidence from Counsel's website identifying himself as "Skilled Medical Malpractice Attorneys in Los Angeles." The trial court reasoned that the mere fact that the facility has the letters "UCLA" in its name could not justify the attorney's mistake under the objective reasonable person standard, particularly when he held himself out as an expert in medical malpractice in Los Angeles.[3]

---

[3] Rodriguez spends several pages of her brief arguing that the trial court erroneously determined Counsel was a "specialist" in medical negligence because there was no evidence that he met the requirements to be a specialist certified by the State Bar of

The trial court did not abuse its discretion in concluding that Rodriguez failed to show she was eligible for relief based on excusable neglect or mistake under section 946.6, subdivision (c)(1). Rodriguez has failed to show by a preponderance of the evidence that despite reasonable diligence, her attorney could not have discovered that Harbor-UCLA was run by the County. (See *Dept. of Water & Power*, *supra*, 82 Cal.App.4th at p. 1293.) The evidence shows the opposite in that a simple internet or case law search would have shown it was a public entity. The name itself indicated that a public entity (UCLA) was likely involved in running the hospital, and the hyphenated name suggests more than one entity might be involved. The trial court was entitled to conclude that Rodriguez failed to show that her attorney acted as a "reasonably prudent person [would have] under the same or similar circumstances," having provided no evidence of any attempt to find out whether Harbor-UCLA was, in fact, a public entity, and if so whether it was exempt from the Government Code claims requirements as Counsel assumed. (*Ebersol*, *supra*, 35 Cal.3d at p. 435; *Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152, 157 [trial court did not abuse discretion in concluding that attorney's failure to learn that hospital was a county hospital until she wrote a letter to the hospital and hospital responded it was run by the County was not "use of reasonable diligence" in order to excuse late filing of claim].)

---

California. But the trial court did not make this finding; rather, it held that "[Counsel] *advertises* himself as an attorney specializing in medical malpractice. [Citation.] As such a specialist, [Counsel] must be familiar with the fact that various large local hospitals . . . are County facilities and therefore subject to the Claims Act." (Italics added.)

11

**V.    The Trial Court Did Not Abuse Its Discretion in Concluding That Rodriguez Failed to File Her Application to File a Late Claim Within a "Reasonable Time" Under Section 946.6, Subdivision (c)**

Rodriguez also claims that her application for leave to file a late claim was made within a "reasonable time" because it was filed on October 21, 2020,[4] which is just one day after her attorney learned from Harbor-UCLA that it was operated by the County.  This argument misapplies the applicable law.

The deadline to present a timely claim for damages is *six months from accrual* of the claim.  (§ 911.2, subd. (a).)  A claim accrues at the time it is complete with all of its elements, or when a claimant has reason to discover or at least suspect a factual basis for a claim's elements.  (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.)  Rodriguez's claim thus accrued in December 2019 when she was injured as a result of the alleged medical negligence at Harbor-UCLA and had to have a second procedure to fix the first one.  Her application for leave to file a late claim was filed 10 months later on October 21, 2020.  Rodriguez does not argue that she did not discover her injury until later, nor does she recognize that her claim accrued well before counsel recognized his mistake on October 20, 2020.

Rodriguez presented no evidence or argument that this 10-month delay between December 2019 and October 2020 was "reasonable" such that her application for late filing should be granted.  (§ 946.6, subd. (c); *Ebersol*, *supra*, 35 Cal.3d at p. 431.)

---

[4]    Rodriguez's opening brief states this date as October 21, *2021*, but the record shows it as *2020*.

The trial court was entitled to conclude that the absence of evidence of *any* attempt by counsel to determine who operated the hospital rendered the 10-month delay "unreasonable," regardless of how quickly counsel acted after learning the peril of relying on a mere assumption. Rodriguez also failed to present any evidence as to the date she retained her attorney and how long he had the matter before October 21, 2020.[5] The trial court permissibly concluded Rodriguez failed to meet her burden of establishing that the 10-month delay was reasonable. *Drummond v. County of Fresno* (1987) 193 Cal.App.3d 1406, 1411 [appellant has the burden of showing his application for relief was filed within a "reasonable time"].)

Accordingly, the trial court did not abuse its discretion in finding Rodriguez failed to show that the delay in filing the application for a late claim was reasonable.

## VI.  Counsel's Error Is Imputed to Plaintiff

Rodriguez also claims that her counsel's error should not be imputed to her, citing cases under Code of Civil Procedure 473,

---

[5]     In Rodriguez's opening brief, under the section titled "statement of the case," she states that she retained counsel in February 2020, but she does not provide any citation to the record for this fact. Instead, the County's brief points us to the citation. At the petition hearing, Counsel told the trial court the date he was retained.

Regardless, Counsel's offer of proof does not help her claim. Counsel told the trial court he was retained on February 7, 2020. Counsel's wholesale failure to offer evidence or argument as to why the delay between February 7 and October 21 was reasonable dooms her claim. His argument that he made a mistake, without more, is insufficient, as discussed in part IV., *ante*.

13

subdivision (b) and general "public policy" that encourages trial on the merits. Again, this argument shows a misunderstanding of controlling precedent and other applicable law.

Rodriguez ignores precedent from our Supreme Court holding that the conduct of counsel is imputed to plaintiff under section 946.6. (*Ebersol*, *supra*, 35 Cal.3d at pp. 435–436 ["It is usually the neglectful conduct of counsel, or counsel's staff, *imputed to plaintiff*, which is determined to be excusable" in a claim for relief under section 946.6] (Italics added.).) Instead, Rodriguez relies on cases interpreting Code of Civil Procedure section 473, subdivision (b) rather than Government Code section 946.6. While it is true that the showing required of a party seeking relief under the *discretionary relief* portions of Code of Civil Procedure section 473, subdivision (b) are the same as that required under Government Code section 946.6, subdivision (c)(1), (*Bettencourt*, *supra*, 42 Cal.3d at p. 275, fn. 5; *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 65 (*Tackett*)) the cases she cites concern the *mandatory relief* portion of Code of Civil Procedure section 473, subdivision (b) and are therefore inapplicable.

Rodriguez conflates the case law interpreting the portion of Code of Civil Procedure section 473, subdivision (b) that provides for mandatory relief from default judgment due to counsel's error with situations where a plaintiff is not challenging a default or other judgment and thus the discretionary portion of "Code of Civil Procedure section 473 still requires that an attorney's neglect be excusable before relief can be granted under that provision. That standard is expressly retained in Government Code section 946.6." (*Tackett*, *supra*, 22 Cal.App.4th at p. 65.) Division 3 of this court has expressly followed *Tackett* for this proposition, as have numerous other courts. (See *Dept. of Water*

14

*& Power, supra*, 82 Cal.App.4th at p. 1294, fn. 3 [citing *Tackett, supra*, 22 Cal.App.4th at pp. 64–65, for the proposition that "[m]istake of counsel is not a basis for granting relief from the claim filing requirements."].)  Rodriguez is therefore not entitled to relief simply because her attorney conceded he made a mistake, as she would be in the case of default judgment due to his error under Code of Civil Procedure section 473, subdivision (b).  She still had to show that her attorney's action or inaction was excusable neglect or mistake under section 946.6, subdivision (c)(1), and thus show diligence under the objective reasonably prudent person standard discussed in part IV, *ante.  (Tackett, supra*, 22 Cal.App.4th at pp. 64–65; *Ebersol, supra*, 35 Cal.3d at p. 435.)

The trial court did not abuse its discretion in imputing counsel's error to Rodriguez.

## DISPOSITION

The judgment is affirmed.  Respondent Los Angeles County Department of Health Services shall recover its costs on appeal.

HARUTUNIAN, J.[*]

We concur:

STRATTON, P. J.                WILEY, J.

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.